PATRICK *et al.*, Respondents, *vs.* THE STEAMBOAT J. Q. ADAMS, Appellant.

1. A witness may be allowed to state the nature of the fracture in a boat caused by a collision, and his impressions derived therefrom as to the position of the two boats when the collision occurred.
2. A party who was an owner of the boat when attached, and when bond was given for her release, is not a competent witness for the boat, even though he may afterwards have sold his interest.
3. A witness testifying as to the general character of a pilot cannot state his knowledge of particular instances of recklessness.

*Appeal from St. Louis Court of Common Pleas.*

This was an action instituted under the act concerning boats and vessels, by James Patrick and others against the steamboat John Quincy Adams, for damages done to the steamboat Shelby, of which the plaintiffs were owners, by a collision alleged to have been caused by the negligence of the officers and crew of the J. Q. Adams. At the trial, there was much conflicting evidence upon the question of negligence. The plaintiffs read the deposition of William Smith, who testified that he had been a pilot for many years, and knew George Lampton, the pilot at the wheel of the defendant at the time of the collision. Among other questions put to Smith was this : " Is said Lampton a safe, skilful and prudent pilot, or what is his character as a pilot ?" His answer, as written in the deposition, was this : " His character, as to his knowledge of piloting, has always been good, *but as regards his recklessness, in many instances to my knowledge, he has not used the care which he should have used.* I have heard him make observations that, meeting boats at night, he would run at them to make them run." To the giving of this answer in evidence, the defendant objected, and the court sustained the objection as to all except that portion in italics, and overruled it as to that portion, to which the defendant excepted.

In the deposition of Henry L. Patterson, read in evidence

by the plaintiffs, he testified that he saw nothing relative to the collision before it took place. He was a passenger upon the Shelby, and in bed at the time of the collision, but then jumped up, went into the cabin, and after waiting till the escaping steam, and the noise and confusion of the crash had ceased, he went out and looked at the condition of the boats. He then stated the shape of the fracture made in the Shelby by the defendant's bow, and the impression thereby made upon his mind as to the position in which the boats came together. The defendant objected to that portion of the deposition, in which the witness spoke of his impressions as to the manner in which the boats came together, and his reasons therefor; but the objection was overruled and the evidence admitted, to which the defendant excepted.

The defendant offered to read the deposition of Michael E. Lucas, in which he states that, at the time of the collision, he had an interest in the defendant, but that he had since sold out, with the understanding that those who took it should run the risk of the result of the suit. The plaintiffs objected to the reading of this deposition, on the ground that, at the time of the commencement of the suit, Lucas was one of the owners of the defendant. This objection was sustained by the court. When the boat was seized by the sheriff, she was released upon a bond, to which, however, Lucas was not a party.

There was a verdict and judgment for the plaintiffs.

*Todd & Krum*, for appellant. 1. The admission of the testimony of Smith that Lampton, the acting pilot of the defendant, at the time of the collision, was, to his knowledge, in many instances, reckless, and did not use the care which he should have done, was error. 2. The admission of so much of the deposition of Patterson as gives his impression of the manner in which the boats came together, was error. 3. The rejection of the testimony of Lucas was error. The boat had been released upon a statutory bond which entirely discharged the boat from the claim, and made the parties to the bond alone liable. Lucas was not a party to this bond; nor was there any

evidence that those who were parties, became such at his request, or that he was under any legal obligation to indemnify them. When he gave his deposition, he had no further interest in the boat, having sold out at the risk of the purchaser.

*Glover & Richardson*, for respondents. 1. The testimony of Patterson, objected to by the appellant, was competent and relevant. The position of the boats at the time of the collision was material. The witness stated his impression, and the facts upon which it was founded. Both went to the jury together. 4 H. & McH., 63. 9 Conn. Rep. 102. 6 Conn. Rep. 9. 2 Pick. 304. 3 Dana, 382. 18 Ohio, 375. 2. The evidence of Lucas was properly excluded, because he was an owner of the boat at the collision, and at the institution of the suit. A plaintiff may sometimes, under our laws, sell out his cause of action and be a witness; but a defendant is not allowed thus to acquit himself of any connection with the case. 3. The statements of Smith, as to the qualifications of Lampton as a pilot, were competent evidence, although perhaps not responsive to the question.

RYLAND, Judge, delivered the opinion of the court.

From the preceding statement, it will appear, that the only questions which this case presents for the consideration of this court, have their origin in the decision of the lower court, in regard to the admissibility of testimony on the part of the plaintiff, and in regard to the rejection of the testimony of Lucas on the part of the defendant.

1. The objections made by the defendant to the testimony of the witness, Patterson, and which were overruled by the court below, are not valid. The witness describes the injury done to the steamboat Shelby, and then gives his impression of the relative position of the two boats, from the wound in the Shelby. The fracture which the Shelby received might afford a sure means of judging the position at the time of the collision, and what the witness stated on this subject is considered proper and lawful testimony.

2. The rejection of the testimony of Lucas is also considered by this court as correct. He was an owner of the J. Q. Adams at the time of the collision, and at the institution of this suit, and was *prima facie* liable to the securities in the bond by which the boat was released. This suit was obviously defended for him—for his immediate benefit. His boat was attached; it had been released by bond. Now permit him to prove that the boat was not in fault, and he thereby escapes all responsibility himself. Admit that Lucas had sold his interest, and that, too, with the understanding that his purchasers should run the risk of this suit, he had not sold at the time of the institution of it; and then, when the boat was released on bond, he was, as an owner, bound *prima facie* to those upon whose bond she had been released, to reimburse them the money which they might have to pay on account of such bond. He was then properly considered an incompetent witness.

3. The most important objection is the one taken to the testimony of Wm. Smith. This witness is permitted to give the general character of Lampton, a witness for defendant, as a pilot, in evidence ; thus : " His (Lampton's) character, as to his knowledge of piloting, has always been good, but as regards his recklessness, in many instances, to my knowledge, he has not used the care which he should have used. I have heard him make observations that, meeting boats at night, he would run at them to make them run." This statement met with the objection of the defendant ; but still the court allowed the following portion of it to be read, viz : " As regards his recklessness, in many instances, to my knowledge, he has not used the care he should have used." In the opinion of this court, this testimony was not admissible. The question in *issue* was, whether, at the time of collision, there was any fault, which arose from incompetency or unskilfulness of the officers of the boat or any of them. Upon this question, the plaintiff offered to prove the general character of the pilot, and in doing this, his witness was suffered to testify to his own individual knowledge of acts of recklessness of the pilot. The appellant

did not object to the general character of the pilot being given, and we are not called upon to say whether his general character, as pilot, was proper to be given before the jury or not; but the objection is to this part of the witness' deposition: " As regards his recklessness, in many instances, to my knowledge, he has not used the care which he should have done." Now this evidence is not legal. The witness could not speak of individual knowledge of separate and distinct acts. Were he testifying as to a witness' general character, he could not speak of his own personal knowledge of different acts of the person whose general character was the subject of proof.

But here the pilot is looked upon as a party—at least as the agent of the party ; and though a party in a civil suit has been guilty of different improper acts—acts of the same nature of the one which gave rise to the suit, yet, it never was thought competent for the adverse party to prove such acts in the trial of such suit.

An attorney at law being sued by his client for negligence and inattention, and for improper management of his case, is not subjected to the proof of general bad conduct and mismanagement of his clients' cases.

The general character of the pilot here was given, and had the witness stopped at his general answer, the judgment would not have been disturbed, as the appellant, the defendant below, made no objection. But it was an unfair and improper way to speak of special or particular acts of recklessness, or to speak of the witness' own personal knowledge of such. Upon this point, then, and this only, is the judgment of the court below considered erroneous.

The judgment of the court below is reversed, and this cause is remanded, the other judges concurring.