COMMONWEALTH *vs.* TIMOTHY PARKER.

Suffolk. Nov. 23, 1874. — Jan. 6, 1875. AMES & DEVENS, JJ., absent.

An indictment on the Gen. Sts. c. 161, § 57, which charges the fraudulent obtaining of money "by means of a game, device, sleight of hand and trick, and by the use of cards and other implements and means," is broader than the statute, and cannot be sustained.

INDICTMENT on the Gen. Sts. *c.* 161, § 57, charging that the defendant, on a day named, with force "did fraudulently obtain from one Charles E. Allen, by means of a game, device, sleight of hand and trick, and by the use of cards and other implements, instruments and means, a more particular description of which said game, device, sleight of hand, trick, cards, implements, instruments and means is to the said jurors unknown certain moneys, to wit, divers promissory notes, payable to the

bearer on demand, current as money in said Commonwealth, of the amount and of the value of six hundred and twenty-five dollars, a more particular description of which is to said jurors unknown, of the property of said Allen, against the peace of said Commonwealth and the form of the statutes in such case made and provided."

In the Superior Court, before the jury were empanelled, the defendant moved to quash the indictment, and assigned the following causes therefor :

" 1. No offence against the law of the land is set forth.

" 2. The indictment is utterly wanting in due precision and certainty.

" 3. Nothing is set forth in said indictment as to what kind of game, device, trick, sleight of hand, or means by which certain moneys were fraudulently obtained.

" 4. Nothing is set forth therein bringing the charge within the Gen. Sts, *c.* 161, § 57, or any other specific statute, or indicating any other specific legal charge of crime.

" 5. The indictment is uncertain, repugnant, duplex and otherwise defective and void."

This motion was overruled ; the defendant was tried and found guilty, and alleged exceptions.

*C. H. Hudson & T. Riley*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.

MORTON, J. The statute provides that " whoever by the game of three-card monte, so called, or any other game, device, sleight of hand, pretensions to fortune telling, trick or other means whatever, by the use of cards, or other implements or instruments, fraudulently obtains from another person property of any description, shall be punished as in case of larceny of property of like value." Gen. Sts. *c.* 161, § 57.

To sustain an indictment under this statute it must be shown that the defendant fraudulently obtained property of another by a game, device, trick or other means, using " cards or other implements or instruments."

The indictment in this case is broader than the statute. It charges that the defendant fraudulently obtained the property described, " by means of a game, device, sleight of hand and

trick, and by the use of cards and other implements, instruments and means." Under this indictment it would not be necessary to prove that the defendant used cards or other implements or instruments, but he might be convicted by showing that he obtained the property by some trick or device, by the use of any other means, such as betting, or false representations or pretences.

The words " and means " cannot be rejected as surplusage; they are not immaterial, but change the character of the acts charged. The indictment does not follow, but enlarges, the statute, and for this reason, without considering the other objections urged to it, we are of opinion that it is defective.

*Exceptions sustained.*