## GROVER C. KENNEDY *v.* COMMONWEALTH.

**Criminal Law—Homicide—Opinion Evidence.**

> It is a general rule that non-expert witnesses are not permitted to give their opinions as evidence, but witnesses may testify to the result of their observations made at the time in regard to common appearances or facts, and a condition of things which cannot be reproduced and made palpable to the jury.

### APPEAL FROM GARRARD CIRCUIT COURT.

October 29, 1878.

RESPONSE BY JUDGE COFER:

The commonwealth introduced a witness who testified that he was talking to deceased when he (the witness) saw the appellant within a few steps with his pistol leveled; that he (the witness) jumped to one side and aimed to say and believed he did say, "Grover, don't"; and that the appellant fired and the deceased fell. It appeared in evidence that the deceased had lost one eye. The witness stated the position of the parties with respect to objects on the ground and the direction in which the face of the deceased was turned. On cross-examination the witness stated that he did not think the deceased could have seen the appellant at the time he was shot, without turning his head, and that in his opinion the attention of the deceased was attracted by his jumping to one side. The appellant's counsel moved to exclude so much of this statement as expressed what the witness thought, and what his opinion was.

In a petition for a modification of the opinion, counsel called attention to the fact that we have not passed upon this question and ask that we now do so. As these statements were made while the witness was under cross-examination by appellant's counsel, and it does not appear that they were not responsive to questions propounded by them, we ought, perhaps, to presume that they brought out the evidence, and in that case there was no error even if it was incompetent.

But as the case will be tried again it is proper that we should decide whether that part of the evidence that was objected to was competent.

It is not true as a legal proposition that no one but an expert can give an opinion to a jury. From the necessity of the case testimony must occasionally be compounded of fact and opinion. *Steamboat Clipper v. Logan,* 18 Ohio 375, and *Patrick v. Steamboat J. Q. Adams,* 19 Mo. 73. In the recent case of the *Commonwealth v. Sturtivant,* 117 Mass. 122, the Supreme Court of Massachusetts, after an extended and able review of many authorities, reached the conclusion that the exception to the general rule that witnesses cannot give opinions is not limited to experts, but includes the evidence of common observers, testifying to the results of their observation made at the time in regard to common appearances or facts, and a condition of things which cannot be reproduced and made palpable to the jury.

"The competency of this evidence," says the court, "rests upon two necessary conditions: first, that the subject-matter to which the testimony relates cannot be reproduced or described to the jury precisely as it appeared to the witness at the time; and second, that the facts upon which the witness is called to express his opinion, are such as men in general are capable of comprehending and understanding."

The position in which the appellant and the deceased stood to each other at the moment in question cannot be reproduced, nor can it be described to the jury precisely as it appeared to the witness at the time, so as to enable them to form as accurate an opinion as the witness at the time or afterward on reflecting on their respective positions. That men in general are capable of comprehending and understanding when they see the positions of two men with respect to each other whether one can see the other is plain. They may err in their opinions, but are not more likely to do so than in reference

·to many facts to which they are allowed to testify without question, and are not nearly so liable to err in forming an opinion from what they saw as a jury would be in forming an opinion as to the fact from the mere statement by the witness as to the position occupied by the parties toward each other.

R. M. & W. O. Bradley, T. P. Hill, W. G. Welch, M. C. Sau-
    fley, for appellant.
Moss, C. A. & P. W. Hardin, for appellee.