MARY YOUNG, Respondent, v. IKE B. DUNLAP, Appellant.

Kansas City Court of Appeals, December 30, 1916.

1. NEGLIGENCE: Automobile Collision: Demurrer to Evidence: Physical Facts.  Two automobiles collided in the streets in a city, injuring a person in one of them.  Each party claimed the other to have run into him.  Evidence examined, together with physical facts and ruled that such evidence and facts made a question for the jury.

2. ———: Pleading: Instruction: Broadening the Issues.  It was alleged in the petition in damages for injury in a collision between two automoblies that defendant saw plaintiff in front of his machine in time to have stopped and avoided a collision.  The instructions ignored such allegation and submitted whether plaintiff could have been seen as he approached the point of collision.  Held, to be a change of issue alleged and reversible error.

3. ———: Ordinance: Date when in Force: Verbal Evidence.  An ordinance regulating speed of automobiles which shows on its face that it was passed in July, 1914, cannot be shown by the verbal testimony of a city clerk to have been in force in December, 1913.

4. ———: Objection to Evidence: Right to Question Application.  Though one does not object to the admission of a city ordinance in evidence, that will not preclude him from claiming that it fails to prove anything against his defense.

5. ———: Regulation of Speed: Negligence: Presumption.  A city has police power to provide a rate of speed for automobiles

at certain places. And under such power it may declare an excess of such speed to be negligence absolutely, or, that it is only presumptively negligence, subject to excuse by a party sued.

6. ———: **Collision: Photograph: When Taken.** Photographs of an automobile which has been in a collision may be received in evidence with the witness' testimony explaining its condition, for the purpose of showing it was run into by the other car. And the fact of any change in the car before the picture was taken may be explained by the witness.

7. ———: **Experts.** When there is a question which one of the automobiles ran into the other experts may be allowed to testify from the condition of the car, which appeared to have been struck and which appeared to have done the striking.

Appeal from Jackson Circuit Court.—*Hon. Frank E. Johnson,* Judge.

REVERSED AND REMANDED.

*John E. Wilson, Martin J. O'Donnell* and *Robinson & Goodrich* for appellant.

*Strother & Campbell* for respondent.

ELLISON, P. J.—Plaintiff's action was instituted to recover damages for personal injury received in a collision between an automobile being driven by her husband and one being driven by defendant. She recovered judgment in the circuit court.

Defendant's first objection to the judgment is that the verdict upon which it was rendered is not supported by the evidence in the case. In passing upon that question we need only examine the evidence given in plaintiff's behalf, together with the physical facts disclosed.

That a collision occurred, at eleven o'clock at night, between the two machines at the intersection of Brush Creek Boulevard and Rock Hill Boulevard in Kansas City, while plaintiff was being driven north on Rock Hill Boulevard and defendant driving east on Brush Creek Boulevard, is not disputed. But which car was run into the other, and which party was at fault, is made a matter of sharp contest in briefs, printed and oral arguments.

Plaintiff's machine, that is, the machine in which she was being driven, was much the smaller and lighter of the two.  The rubber tire on her machine was a thirty-three inch tire, while defendant's was a thirty-seven inch.  Defendant on his way east was running slightly down grade from thirty-five to sixty miles per hour, while defendant's machine was going up grade at the rate of ten or twelve miles.  We think the greater rate stated for the former machine was exaggerated; but it is clear that the jury were authorized to believe it was under high speed.

Plaintiff's husband first observed defendant coming east on Brush Creek when the latter was about one hundred and fifty feet away and this was as the former "was entering the street," that is, was entering into the intersection of the two streets.  The collision was at the center.  The streets were fifty feet in width, so that while plaintiff was running twenty-five feet to the center, defendant ran one hundred and fifty feet to the same point.  When plaintiff's husband observed a collision was imminent he attempted to turn from his northern course to the north-east, which had the effect of throwing his left or west front wheel at an outward angle from the body of the car, when defendant crashed into his car dragging it near twenty feet before stopping.  The right front wheel of defendant's car caught in between the left front wheel of plaintiff's and plunged over the axle, breaking down the wheel, and into the engine shield. It was so wedged into plaintiff's car that it required considerable effort to get them apart.  Pieces of rubber were found in the engine shield on plaintiff's car in the track of defendant's wheel.  The right foot board of defendant's car was broken by the collision and also in getting the cars apart.

The trend of a great part of defendant's suggestions and argument is to the effect that the matters stated in testimony in plaintiff's behalf for proof of her case are so incredible and unreasonable that they should not be believed.  While some statements made in testimony may be exaggerated, and some comparisons may not be apt,

the general evidence in support of her case is reasonable in its appearance and, if credited by a jury, would entitle her to a verdict. The question on a challenge to a plaintiff's case, should not be whether some parts of the testimony are incredible, but rather, whether the whole evidence, considered in its entirety, embraces sufficient fact to make out a case.

But the principal attack on the case, is based on the ground that the evidence in plaintiff's behalf embraces what has come to be known as "physical facts," which it is said overthrow the story of the occurrence as detailed by the witnesses in her behalf. We have carefully examined this phase of the case and find that defendant's position is not sustained by the record. The testimony for plaintiff clearly shows the conditions leading immediately to the collision and there is nothing unreasonable on the face of it. Nor is the manner of the collision itself unbelievable. As we have already stated plaintiff's husband, in the smaller car at slow speed, attempted to avoid defendant's rapidly oncoming larger car at high speed, by turning to the right, thus exposing the side of his car at an angle and defendant crashed into it by going over the front axle, crushing the front wheel and breaking into the light metal shield of the engine. It serves no purpose, after verdict, to discuss the condition of defendant's car. That was a question for the jury. The fact that a car may appear to be wrecked, does not conclusively show that it was not the offending machine in the collision. We conclude the trial court rightly held the case to be for the jury.

Very properly there were not many instructions in the case; but there was serious error in some of these. The petition charged that defendant saw, or, by the exercise of ordinary care, could have seen plaintiff and the automobile in which she was riding "in a position of peril in front of defendant's automobile in time, by the exercise of ordinary care to have stopped, or slackened the speed, or to have turned to one side," and thereby avoided the collision etc. It will be noticed that the position in which plaintiff was alleged to be and the

peril in which she was charged to be, and the position in which it is alleged defendant could have seen her, are in front of his machine. Instruction No. 1 for plaintiff ignores these allegations *in toto,* and authorizes a finding for plaintiff if plaintiff's position was anywhere within the intersection of the streets. This is not a mere technical objection when it is remembered that the collision was in the nighttime when one might very easily see an object in his front, yet he might not be able, the situation considered, to see an object approaching from one side. The instruction should not be broader than the petition, whatever may be the scope of the evidence. [Scrivner v. Railroad, 260 Mo. 421, 432; Degonia v. Railroad, 224 Mo. 554, 589; Ruch v. Prior (decided this term) and other cases cited by defendant.] As adding emphasis to the substantial nature of this objection to the instruction, we think the jury could very well have believed from the evidence that *after* defendant discovered (and there is where his culpability must lie) plaintiff's machine in front of his, he had not time to avoid the collision.

Plaintiff pleaded an ordinance of the city regulating the speed of automobiles approaching intersecting streets. The occurrence in controversy transpired on the night of the 18th of December, 1913; while the ordinance introduced was not adopted and in force until the following July. From this it is manifest that it should not have had any place in the case.

But plaintiff insists that the date of the ordinance must have been a mistake of the stenographer, or of the deputy city clerk, who was the witness with the ordinance in his possession. It would put the determination of cases in appellate courts in great peril if we were to allow a statement of that nature to overturn the facts set forth in the record. The record is absolute verity to us. [White v. Railroad, 178 S. W. 83.] Again, it is said that the deputy clerk testified that he thought the ordinance was in force on the 18th of December, 1913. But he likewise qualified that statement by saying what the ordinance would show. If he had made the flat

verbal statement of time when the ordinance was in force, we do not see how that should be allowed to control the ordinance itself which was there present.

But plaintiff suggests that defendant did not object to the ordinance when it was offered. This, however, ought not to be taken as an admission of the effect of the ordinance. When no objection is made to an offer of evidence the silent party cannot make error out of its being admitted; but that does not preclude him from insisting on its real weight, force or effect.

Upon retrial the failure of the ordinance to apply to the time of the collision may be cured by some means and we will therefore answer another objection made to its control, or effect upon the case. The ordinance provides that all automobiles shall be driven ''in a careful and prudent manner and at a rate of speed that will not endanger the property or life or limb of another; provided that driving in excess of the following rates of speed for a distance of more than two hundred feet shall be presumptive evidence of driving at a rate of speed which is not careful and prudent.'' This is followed by certain rates at different places; and then follows this proviso: ''Provided however that in passing any street intersection within the limits of the city, the rate of speed shall not exceed ten miles per hour when any person or vehicle is upon said intersection with whom or with which there is or may be danger of collision.'' Defendant's point against this provision is that in assuming to regulate what shall be presumptive evidence, it usurps power belonging to the State only; that is, in prescribing what shall be considered presumptive evidence, the city has invaded the right of the courts to be governed by the ordinary law of the State and the procedure of such courts in the administration of justice. We concede, of course, that a city has no power to do that, but we think it has not been attempted by the ordinance in question. The wording of the ordinance is peculiar, but the evident meaning of it is, that it prescribes that speed shall be careful and prudent. It then prescribes rates of speed which will be presumed not to be

careful and prudent. Now the city, under its police power, has a right to make all needful and reasonable regulations governing the speed of vehicles over the streets. It may prescribe absolutely that a certain speed shall not be exceeded; or it may not desire to prescribe an invariable maximum speed, under all circumstances, and may properly say that the speed named shall be presumed to be negligent; that is to say, not absolutely negligent, but negligent unless excused by circumstances amounting to a good cause. The proviso above quoted, does not have the effect to make driving beyond the limits mentioned therein, absolute negligence. It must be connected with the section at large (Brown v. Patterson, 224 Mo. 639, 658; Riley Oil Co. v. Symmonds, ante p. 111) which only makes an excess of speed presumptive evidence. Cities in this State have always exercised the power to prescribe rates of speed for vehicles and railroads within their limits and the courts have declared a violation of such regulation to be negligence *per se*. The ordinance in question is not different from those, except that this one leaves a way of escape if the circumstances justify it. It was therefore technical error in plaintiff's second instruction to declare absolutely, that defendant was guilty of negligence in exceeding at intersections the ten mile limit named in the proviso. But as no reason appeared why the limit should have been exceeded the error was perhaps harmless.

We think error was committed in refusing to admit the pictures of defendant's machine, with the explanations of the defendant. He was in a collision. He saw and examined his car at the time, and manifestly the picture, in connection with his statements as to the condition of the car, were illustrative of the affair from his standpoint. [Banstian v. Young, 152 Mo. 317; 1 Wigmore on Evidence, secs. 790, 792, 794.] The reason assigned here to justify the exclusion of this evidence is that the machine was not in the same condition when the picture was taken as it was immediately after the collision. There were some changes made necessary to get the machine home, but these points of difference could be made the

basis for cross-examination, thus enabling the jury to give proper weight to the evidence.

Another error was committed against defendant in excluding evidence of experts who examined the breakage, indentions and scars on his car. The opinion of such witnesses concerning the manner of the collision, stated in a proper way, would be admissible evidence. [Patrick v. Steamboat, 19 Mo. 73; Commonwealth v. Sturtebaut, 117 Mass. 112, 134, 135; Steamboat v. Logan, 18 Ohio, 375, 394.]

The point made by plaintiff that defendant's motion for new trial was not sufficiently specific to save his exceptions to evidence and the instructions must be held not well made under the recent ruling of the Supreme Court in Wampler v. Railroad, not yet reported.

The judgment is reversed and the cause remanded. All concur.