Frances DELL'ARIA, Plaintiff-Appellant,

v.

Frances BONFA, Defendant-Respondent.

No. 45793.

Supreme Court of Missouri,
Division No. 1.

Dec. 9, 1957.

Morris A. Shenker, John E. Bardgett, Sidney M. Glazer, St. Louis, for appellant.

Wilburn A. Duncan, Spencer & Duncan, St. Louis, Don P. Bonfa, St. Louis, for respondent.

HOLMAN, Commissioner.

In this action plaintiff, Frances Dell'Aria, sought to recover damages in the sum of $65,000 from defendant, Frances Bonfa, for injuries received when defendant lost control of her car and it ran into a mountain side which bordered the right side of the highway. Plaintiff was a guest in defendant's automobile. A trial resulted in a

verdict for the defendant. From the ensuing judgment plaintiff has duly appealed.

On February 4, 1954, plaintiff, defendant, and the latter's niece, Josephine Bundy, left St. Louis, Missouri, in defendant's automobile enroute to California. The incident in question occurred on the afternoon of February 7 on Highway 66, forty miles east of Kingman, Arizona. At that point the concrete highway was dry, the weather clear, and visibility good. The traffic was light and no other car was involved. The accident occurred at a point where the highway curved to the right. Plaintiff testified that as they approached the curve she observed a sign which imparted the warning that there was a dangerous curve ahead, and that both she and Mrs. Bundy told defendant to slow down but defendant failed to do so; that Mrs. Bonfa was going at a speed of from 60 to 65 m. p. h.; that all of a sudden the car left the road and ran into the mountain which was about fifteen feet off the right side of the roadway; that upon impact the car went up into the air and plaintiff was thrown out of the car.

Defendant's version of the occurrence was that as she approached the curve she reduced the speed of the car to about 35 m. p. h. and as she was making the turn her car hit something in the road, causing her to lose control of the car and it swerved to the right into the mountain.

The three occupants of the car were taken by ambulance to a hospital in Kingman. Mrs. Bundy was able to go on to California the next day, but plaintiff and defendant remained in the hospital for about five days and then proceeded by train to Fresno, California. Plaintiff remained in Fresno about ten days and was driven back to St. Louis by her son, James Badolato.

Plaintiff's case was submitted to the jury by Instruction No. 1 which required a finding "that defendant drove into said curve as mentioned in the evidence at a speed of sixty to sixty-five miles per hour and

failed to slacken her speed." The first point briefed by plaintiff is the alleged error of the court in giving, at the request of defendant, Instruction No. 2 which reads as follows: "The court instructs the jury that the plaintiff charges that upon the occasion mentioned in evidence defendant drove her automobile into the curve mentioned in evidence without slackening the speed of said automobile and at a speed of sixty to sixty-five miles per hour. In this connection you are instructed that if you find and believe from the evidence that upon said occasion defendant *slackened the speed of her said automobile before entering said curve* or entered said curve at a speed less than sixty to sixty-five miles per hour, then your verdict must be for the defendant." (Italics added.)

It may be noted at the outset that defendant contends that Instruction No. 2 is merely the converse of the submission in plaintiff's Instruction No. 1 and hence the giving of same would not be error. It is said by plaintiff, however, that it is not a converse of Instruction No. 1 and is in conflict therewith because the portion of the submission italicized above allows the jury to return a verdict for defendant upon a finding that defendant, before entering the curve, reduced her speed, without requiring a finding that defendant made said reduction to a speed which was below 60 to 65 m. p. h.

Of course, if the instruction under attack is the converse of Instruction No. 1, no error was committed in giving it. In connection with this assignment it may be noted that this casualty occurred in Arizona and hence the substantive law of that state would apply. However, matters concerning the form of instructions are procedural and are to be determined by the law of the forum. Reimers v. Frank B. Connet Lumber Co., Mo.Sup., 271 S.W.2d 46. It is well settled that a defendant is entitled to converse instructions. He may submit the exact converse of plaintiff's submission, Janssens v. Thompson, 360 Mo. 351, 228

S.W.2d 743, or the converse of any one of the elements essential to plaintiff's recovery, McCarty v. Milgram Food Stores, Inc., Mo. Sup., 252 S.W.2d 343, or he can submit facts (supported by the evidence) which would disprove one or more of the factual elements essential to a recovery by plaintiff. Liebow v. Jones Store Co., Mo.Sup., 303 S.W.2d 660.

■■ "The test of the correctness of an instruction is how the instruction will naturally be understood by the average men who compose our juries on whose judgment of the facts the court must act. * * * 1 Raymond on Instructions, § 68, page 57." Lewis v. Zagata, 350 Mo. 446, 166 S.W.2d 541, 545. As stated, supra, plaintiff's submission required a finding "that defendant drove into said curve as mentioned in the evidence at a speed of sixty to sixty-five miles per hour and failed to slacken her speed." While that submission may be ineptly worded, we think it would be understood by any average, intelligent jury to require a finding that defendant drove into the curve at a speed of not less than 60 m. p. h. and continued to maintain that speed until the car left the traveled portion of the highway immediately before the impact. Defendant's Instruction No. 2 directed a verdict for defendant if the jury found that defendant either (1) "slackened the speed of her said automobile before entering said curve" or (2) "entered said curve at a speed less than sixty to sixty-five miles per hour." We think it apparent that the portion of the submission subdivided as (1) above is not the converse of plaintiff's submission.

As contended by plaintiff, the fundamental vice in the instruction is that the part thereof which we have quoted in subdivision (1), supra, requires a verdict for defendant upon a finding that she slackened the speed of the car before entering the curve without designating the extent of reduction required. For example, if we assume that the car was being oper-

ated at a speed of 80 m. p. h., and that just prior to entering the curve defendant slackened the speed to 70 m. p. h., then, under the portion of the submission now being considered, the jury must return a verdict for defendant. This illustration indicates that Instruction No. 2 is not a converse of Instruction No. 1, but is in conflict therewith. Under No. 1, the jury is told to return a verdict for plaintiff if defendant drove into the curve at a speed of 60 to 65 m. p. h. and failed to slacken her speed, but under No. 2, the jury must find against plaintiff even though defendant drove into the curve at a speed of more than 65 m. p. h., provided that speed was less than the speed at which she had been driving shortly prior thereto. In other words, any reduction of speed just before entering the curve would authorize a defendant's verdict even though, after said reduction, defendant's car was still being operated at a speed of 65 m. p. h. or more. In preparing Instruction No. 2 defendant reversed the order in which the two elements had been submitted in Instruction No. 1 and connected them with the disjunctive "or" instead of the conjunctive "and" with the result that the submission was given an entirely different meaning. We therefore hold that the giving of Instruction No. 2 was prejudicial error.

■ Since the question may recur upon another trial we will consider the contention of plaintiff that the court erred in excluding plaintiff's exhibits 1, 3, 4, and 5. These were photographs which purported to show the condition of defendant's automobile after the occurrence heretofore described. The photographs were taken by plaintiff's son, James Badolato, as he passed through Kingman on his way to California, six days after the instant casualty. He testified that the pictures were taken while the car was on the "Young lot" in Kingman and that the car had been "pointed out" to him by a state trooper. James testified further that he had not

seen the car immediately after the accident and could not state the condition it was in at that time. Plaintiff also examined the defendant concerning the condition of the automobile after the accident. She stated that she did not examine the car after the accident and hence could not say whether the pictures accurately represented the condition of the automobile as it was immediately after the casualty.

There would seem to be no question but that the instant photographs would have been competent evidence and should have been admitted if they had been properly identified. However, as a prerequisite to the admission of those exhibits, evidence should have been offered to the effect that they fairly represented the condition of the automobile immediately after the casualty, or, if changes had occurred, such should have been pointed out and explained. Brock v. Gulf, Mobile and Ohio Railroad Company, Mo.Sup., 270 S.W.2d 827; Williamson v. St. Louis Public Service Co., 363 Mo. 508, 252 S.W.2d 295; Young v. Dunlap, 195 Mo.App. 119, 190 S.W. 1041; Baustian v. Young, 152 Mo. 317, 53 S.W. 921. In the instant case there was no evidence as to the condition of the automobile immediately after the casualty and no testimony that the photographs fairly represented its condition at that time. It follows, therefore, that the trial court did not err in excluding those exhibits.

We will not consider other points briefed by plaintiff. Some were not properly preserved for our review and others will not likely recur upon another trial.

The judgment is reversed and cause remanded for a new trial.

VAN OSDOL and COIL, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.