H. F. GOODRICH, Respondent, v. MARSHALL RUST, Appellant.

Kansas City Court of Appeals, May 23, 1910.

1. **CONTRACTS: New Parties: Quantum Valebat: Estoppel.** Defendant contracted with a quarryman for crushed stone at 85 cents per cubic yard if he would furnish 150 yards per day, and 70 cents per cubic yard if less was delivered. While deliveries were being made the quarry plant changed hands and the last operator continued to furnish rock to defendant, billing the same at 85 cents per yard, but delivered less than 150 yards per day. Defendant knew of the change of management, the last operator of the quarry did not know the terms of his predecessor's contract. Eighty-five cents per yard was the reasonable value of the rock furnished. Plaintiff, assignee of the last operator, was entitled to recover 85 cents per yard for the rock delivered to defendant.

2. **PLEADING: Amendment.** The original petition charged that the stone was delivered at the "agreed price" of 85 cents per yard. On the trial the court properly permitted plaintiff to amend by substituting for the original charge the allegation that the stone was delivered at the "reasonable value" of 85 cents per yard.

Appeal from Jackson Circuit Court.—*Hon. James H. Slover,* Judge.

AFFIRMED.

*Sebree, Conrad & Wendorff* for appellant.

Defendant's liability for rock is limited to 70 cents per cubic yard. Louis v. Slack, 27 Mo. App. 119, 128; Eyerman v. Cemetery Assn., 61 Mo. 489; Chapman v. Currie, 51 Mo. App. 40; Perkinson v. Fehlig, 21 Mo. App. 327; Crapson v. Wallace Brothers, 71 Mo. App. 682; Christy v. Price, Adm., 7 Mo. 430; Stollings v. Sappington, 8 Mo. 118.

*Charles R. Pence* for respondent.

JOHNSON, J.—The petition in this case is in two counts. In the first it is alleged that on various dates between July 5, 1906, and the 25th day of the same month, the firm of Enright Brothers & Company sold and delivered to defendant, at his instance and request, 489½ cubic yards of crushed stone, at the agreed price of eighty-five cents per cubic yard, amounting in all to $416.08; that the account became due and payable the first day of the following month; that for value Enright Brothers & Company sold and assigned the account to plaintiff and that plaintiff demanded payment of defendant, but the demand was refused. The second count alleges that between July 27, 1906, and August 2d of the same year, H. S. Goodrich and Claude Hardwicke, partners doing business under the name of Goodrich & Company, sold and delivered 749 cubic yards of crushed stone to defendant at various dates at the agreed price of eighty-five cents per cubic yard, amounting in all to $636.65; that the account became due August 2, 1906; that for value Goodrich & Company assigned it to plaintiff and that plaintiff fruitlessly demanded payment of defendant.

During the trial, plaintiff, by leave of court, amended each count by striking out the allegation that the price charged for the stone was an "agreed price" and substituting therefor the allegation that the stone was delivered "at the price of eighty-five cents per cubic yard, being the reasonable value thereof."

In his answer, defendant admits that he received the stone mentioned in each count, but alleges that it was delivered pursuant to a contract he had with the Enrights by which defendant was to pay seventy cents per cubic yard instead of eighty-five cents as alleged in the petition. Payments are alleged on the account sued on in the first count which overpaid the account to the amount of sixty-five dollars, and defendant prays judgment for this amount. As to the second count, defendant alleges he was still dealing with the Enrights and

not with Goodrich & Company, and asks credit on that account for the amount due him on his counterclaim pleaded to the first count. An amended reply was filed by plaintiff during the trial which put in issue the averments of new matter in the answer and counterclaim. A jury was waived and the cause was tried to the court. Findings of fact were made and filed and the court rendered judgment for plaintiff on the first count for $197.60, with interest from October 27, 1906, and on the second count for $636.65, as prayed in the petition. Defendant appealed.

Plaintiff thinks the court erred in not giving judgment for him on the first count for the full amount demanded, but since he did not appeal, we shall not discuss the question of whether or not he is right in this view. The real controversy now is whether the court erred in assessing the value of the stone sued for in the second count at eighty-five cents per cubic yard instead of seventy cents, the value defendant contends was placed on it in the contract of the parties to the transaction. The court allowed plaintiff only seventy cents per cubic yard for the stone mentioned in the first count, and disposed of the counterclaim in a way so obviously just that, as we said, the only issues for us to discuss are those relating to the second count.

According to the court's findings of fact, defendant, a contractor, had a contract with T. J. Enright who, under the name of Enright Brothers & Company, operated a rock crusher at Birmingham. Under the terms of this contract, defendant was buying crushed stone at seventy cents per cubic yard. Sometime before July 1, 1906, defendant agreed to pay Enright eighty-five cents per cubic yard on condition that Enright should furnish defendant an average of one hundred and fifty cubic yards per day; otherwise the price should remain at seventy cents. Enright and his successors fell short of furnishing the quantity necessary to entitle him to receive the larger price but he billed the stone delivered

at that price, and defendant paid the bills with the understanding that matters would be adjusted between the parties according to the terms of the contract. Enright died July 13, 1906. He had been operating the plant under contract with the owners thereof and on July 1, 1906, they dispossessed him on the ground that he had defaulted in his performance of their contract, and turned the plant over to Claud Hardwicke who continued to operate it under the name of Enright Brothers & Company, until July 27th. On that date, Goodrich & Company took charge of the business on their own account and continued supplying defendant with crushed stone. They did not know of the contract defendant had made with Enright and they billed the stone to defendant in their firm name and charged him eighty-five cents per cubic yard for it. From July 27, 1906, defendant knew of the change in the management of the business. He received deliveries of stone from Goodrich & Company and their bills therefor at the rate of eighty-five cents per cubic yard, but did not object to the price nor inform them of the terms of the contract he had with Enright. The court found that eighty-five cents per cubic yard was the reasonable market value of the stone delivered. These findings are abundantly supported by evidence, and we accord them the force and effect that we would the verdict of a jury. Though the average deliveries of stone by Goodrich & Company were less than one hundred and fifty yards per day, the court was right in ignoring the contract defendant had with Enright and in allowing plaintiff the reasonable market value of the stone. The death of Enright terminated that contract and since Goodrich & Company were an independent concern, defendant had no right to assume, without an agreement to that effect, that they would furnish him stone under the terms of the dead contract.

There is no question of estoppel in the case. De-fendant had no contract with Goodrich & Company but accepted deliveries from that concern and in so doing impliedly agreed to pay the reasonable market value of the stone delivered. The judgment rendered by the trial court expressed in concrete form the view of the case we entertain. We do not think the court erred in allowing plaintiff to amend his petition.

The judgment is affirmed. All concur.