Albert MARR, Everett Marr and Harley Marr, d/b/a Marr Bros. Quarry, Successors to the Roop Quarries, Respondents,

v.

J. Kenneth MARR, d/b/a M. & K. Construction Company, Appellant.

No. 22782.

Kansas City Court of Appeals.

Missouri.

Jan. 12, 1959.

Crouch & Fitzgerald, Warrensburg, for appellant.

Pine, Dixon & Welling, Warrensburg, for respondents:

MAUGHMER, Commissioner.

Plaintiffs received a verdict and judgment against defendant for rock and gravel allegedly furnished to defendant. The plaintiff partnership is composed of three brothers, Albert, Everett and Harley Marr, doing business as Marr Bros. Quarry and operating a rock quarry in the Warrensburg, Missouri area. Defendant is their third cousin and operates in the same vicinity under the trade name of M. & K. Construction Company. Commencing in the year 1952, defendant began developing Broadview Addition, which was located just southeast of the town of Warrensburg. He constructed houses and caused the streets therein to be dedicated. During 1954 and thereafter there was some concentration of military personnel near Warrensburg and from them a demand for rental housing arose. Defendant stated that these prospective tenants could not move in (Broadview Addition) until the streets were graveled as "the place was a loblolly". He said the City had agreed to gravel and blacktop the streets but he was trying to hurry them up so his houses could be occupied. Defendant had, during the years, frequently bought gravel from plaintiffs for various purposes, including some for use in this Broadview Addition.

The rock which is the subject matter of this lawsuit went out from plaintiffs' quarry between September 27, 1954 and January 12, 1955. Some of it was hauled in defendant's trucks and some in plaintiffs' trucks. According to plaintiffs' evidence, based upon weight tickets which were received in evidence, it amounted to a total of 1,359.9 tons which, at a price of $1.25 per ton, the then and there going price, had a value of $1,699.81. It was agreed by the parties that defendant paid $247 on this charge, leaving a balance of $1,452.81. The jury verdict and judgment entered thereon was this latter sum, plus interest in the amount of $215.16, which was allowed from and after February 1, 1955, the date upon which plaintiffs demanded payment, being in the aggregate $1,667.97.

Aside from the plaintiffs and defendant, only three witnesses testified, namely the City Clerk, the man who at the time was Mayor of Warrensburg, and the City Engineer. As to detail and as to exactitude with respect to time, verbatim statements and by whom made, this testimony was certainly not completely precise. However, it seems clear that the rock was in part hauled in defendant's trucks, that on the weight tickets it was billed to defendant, that it was spread in Broadview Addition in which defendant was still financially interested, and that defendant paid $247 on the account plus trucking charges for the rock that was hauled in plaintiffs' trucks. The plaintiff Everett Marr says defendant ordered the rock although he admits defendant said something about the City having agreed to pay for part of it. Defendant said he only told plaintiff that the City was going to put the rock on these Broadview streets. It was agreed that plaintiffs submitted a bill to the City for 700 tons of rock. The plaintiff Everett Marr said he did this at the specific request of the defendant and after he had made demand for full payment from the defendant. The defendant, on his part, testified the Everett Marr told him "that some one from the City had authorized him to deliver 700 tons of rock on Broadview". In any event, the City did not pay, the defendant did not pay, and plaintiffs filed suit against both defendant and the City of Warrensburg. The petition alleges (as to both defendants) that the gravel was delivered "at the special instance and request of defendants", "was accepted by defendants" and that defendant J. Kenneth Marr had knowledge of delivery, accepted it, retained its use and its reasonable value was $1.25 per ton. Before trial the action was dismissed as to the City. Defendant Marr's answer was a general denial.

■ Defendant's first assignment of error is that the court erred in overruling defendant's motion for directed verdict at the close of plaintiffs' evidence. After this motion was overruled, the defendant went

ahead and offered evidence. He renewed his motion at the close of all the evidence, but on appeal his only assignment of error on this question is that the court erred in overruling the motion *submitted at the close of plaintiffs' case*. This court in Lindsay v. McLaughlin, Mo.App., 311 S. W.2d 148, loc. cit. 149, after reference to numerous authorities, made this statement: "His first contention is that the court erred in denying his motion for directed verdict offered *at the close of plaintiff's evidence,* because no submissible issue was made. We cannot consider this point because, when defendant's motion was overruled, he proceeded to introduce evidence and thereby waived his right to complain of the court's action. For an array of cases so holding, see [Note] No. 50 under Section 510.280 RSMo 1949, V.A.M.S." On the same page the court then quoted from Ukman v. Hoover Motor Express Co., Mo., 269 S.W.2d 35, 36, which declares the complete rule on this question as follows: "*It appears from the foregoing statutory provisions that it is necessary in jury-tried cases, in order to preserve the question of submissibility for appellate review, to file a motion for directed verdict at the close of all the evidence and to assign the error of the court in having failed to have directed such a verdict in an after-trial motion, either one for a new trial or one to set aside a verdict and judgment and enter judgment for the opposite party.*" It is, of course, essential that the alleged error be presented on appeal through incorporation in an assignment of error.

■ In our case defendant renewed his motion at the close of all the evidence, carried it over in his motion for new trial, but has not assigned that second denial as error on this appeal. However, it has been necessary to determine if plaintiffs' case contained all of the essential elements of submissibility in order to properly rule defendant's second assignment, namely that the court erred in giving Instruction 1. Accordingly we have done so and find that plaintiffs' evidence as summarized herein

was competent, substantial, justified proper submission to the jury and will support a verdict and judgment. It was not, therefore, error to overrule the motion for directed verdict.

■ Defendant's second assignment makes the general allegation that the court erred in giving Instruction 1 but does not assign reasons for such conclusion and is, therefore, not in strict compliance with Supreme Court Rule 1.08(a) (3), 42 V.A. M.S. However, such reasons are pointed out in the printed argument and we shall consider the assignment.

■ Instruction 1 directed the jury that if (1) plaintiffs delivered the rock to defendant, (2) if defendant accepted and received same and (3) if defendant was benefited thereby, then the law implied a promise to pay and the verdict should be for plaintiffs. Defendant asserts this instruction was deficient in that it did not require a finding that the rock was furnished at the request of defendant, that plaintiffs expected and had a right to expect defendant to pay for it, that defendant knew plaintiffs expected to be paid, and that defendant derived a special benefit therefrom. Defendant says all of these are needed to justify a recovery under quantum meruit and this was such an action. Instruction 1 was a verdict directing instruction. If it authorized a verdict upon a finding of less than the essential facts, it was error to give it. Shafer v. Southwestern Bell Telephone Co., Mo., 295 S.W.2d 109; Annin v. Jackson, 340 Mo. 331, 100 S.W.2d 872. In support of his position defendant cites Tomasso v. Sorbets, Mo.App., 147 S.W.2d 151 and Runnels v. Allen's Adm'r, Mo.App., 169 S.W.2d 73. In each of these cases recovery was sought for personal services. In the first which was for legal services, the defendant contended at the trial that such services as were furnished were gratuitous, and that there was no intention to charge for the same. Under those facts and in the face of that dispute, it was held that an instruction which failed to require a finding that there was a reasonable inference under the circumstances that plaintiff expected and defendant should have known that plaintiff expected to be paid was fatally defective. In the second case, intestate's great nephew sought recovery for services rendered intestate during his terminal illness. It was there held that an unqualified instruction that where services were performed and accepted, a promise to pay therefor followed, was not good. Defendant also cites Kramer v. Wilson, Tex.Civ. App., 226 S.W.2d 675, a Texas case which holds that an attorney, suing quantum meruit for attorney's fees, was not required to negative that same were not gratuitous, but rather such a defense was an affirmative one which must be specially pleaded.

■ There are at least two essential elements of a good instruction: It must be a proper declaration of law and it must require jury determination of the material and disputed factual controversies. Under the pleadings and during the trial, the disputed factual issues were whether or not the defendant (or the City) had ordered the gravel, had accepted it, had retained it, and had used and benefited through using it. There was no contention or even suggestion at the trial that plaintiffs furnished this material gratuitously or without expectation of compensation.

■ Instruction 1 did not require a finding that defendant had ordered the rock or that it was furnished at his request. In 77 C.J.S. Sales § 34, page 656, we find this statement: "Where, in the absence of an express contract or order, one person sends or delivers goods to another under circumstances which indicate that a sale is intended, and the one to whom the goods are sent or delivered, with knowledge of the facts, does not object or offer to return the goods, within a reasonable time, but retains and uses or otherwise deals with them as his own, a contract of sale and purchase will be implied, * * *". We believe that Instruction 1 submitted the issues to

the jury under the theory of implied contract. It required a finding of delivery, acceptance, benefit, demand for payment and refusal to pay. See Goodrich v. Rust, 143 Mo.App., 714, 128 S.W. 847; Merkel v. St. Louis Hide & Tallow Co., Mo.App., 190 S.W. 611; Hurley Lumber Co. v. Cummings, Mo., 264 S.W.2d 379. We again state that defendant's answer is merely a general denial. The evidence, including his own, shows he had an interest in Broadview Addition at the time and wanted the streets graveled so his tenants could move in. He paid $247 on this account and paid plaintiffs for use of their trucks in hauling part of this rock and gravel. He had previously bought gravel from the plaintiffs, some of it for use in this same Addition. Plaintiffs may have believed the evidence did not show positively that defendant had personally ordered or requested delivery of this rock, but that it did show unequivocally that defendant received delivery, had accepted the material, used it and been benefited thereby. If so, then plaintiffs could properly elect to go to the jury under the theory of implied contract. The pleadings and the evidence made a case under implied contract. Instruction 1 submitted the essential elements of implied contract to the jury. We believe the instruction was proper and rule this point against defendant.

Defendant's third point is that the court erred in refusing to give Instruction 6, which stated that if the gravel was placed on the public streets of Warrensburg, defendant had no legal right, title or interest in said public streets, and was under no legal obligation to see that they were constructed, maintained or repaired. The general rule is that the giving of abstract instructions is not favored. See Gettemeyer v. Thies, Mo.App., 51 S.W.2d 868; Patterson v. Thompson, Mo.App., 277 S.W. 2d 314, loc. cit. 320. Certainly the court's exercise of discretion in refusing to give such a declaration of law instruction is not error. We rule this point against defendant.

No reversible error appearing, the judgment for plaintiffs is affirmed.

SPERRY, C., not participating.

PER CURIAM.

The foregoing opinion by MAUGHMER, C., is adopted as the opinion of the court. All concur.