**C. Tom FOSTER, Respondent,**

v.

**Don M. GAERTNER, Appellant.**

**No. 46280.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 12, 1983.

Richard S. Bender, Clayton, for appellant.

Rene Lusser, St. Louis, for respondent.

CRIST, Judge.

Suit by respondent (seller) for alleged balance due on an oral agreement to purchase a flyable helicopter, a helicopter in parts, a truck and a trailer. Judgment was entered against appellant (buyer) in the total amount of $20,209. We affirm.

Buyer first asserts error in seller's verdict directing instruction, which read:

**INSTRUCTION NO. 7**

Your verdict must be for Plaintiff, if you believe:

---

First, Plaintiff and Defendant entered into an agreement whereby Plaintiff agreed to sell to Defendant a helicopter in parts, a truck and a trailer, and a flyable helicopter and to deliver the flyable helicopter to a pilot at St. Louis, and defendant agreed to pay plaintiff the sum of $35,000.00 for all of said equipment, and

Second, plaintiff performed his agreement, and

Third, defendant failed to perform his agreement, and

Fourth, plaintiff was thereby damaged. Buyer argues this instruction does not encompass all the elements of seller's cause of action. We disagree.

■ Our standard of review is to consider the evidence in the light most favorable to the jury verdict. *Fowler v. Daniel,* 622 S.W.2d 232, 236 (Mo.App.1981). Seller advertised helicopter equipment in a trade journal. Buyer, an Arizona resident, responded and came to St. Louis, Missouri. The parties reached an agreement for buyer to purchase a flyable helicopter for delivery in St. Louis, Missouri, a helicopter in parts, a truck and a trailer for a total price of $35,000. Buyer paid $16,900 immediately, and using the truck and trailer, returned to Arizona with the disassembled helicopter. Buyer then sent an additional $3,000 to seller who arranged for the second helicopter to be flown to Arizona. Seller delivered the flyable helicopter and an executed bill of sale to a pilot in St. Louis. The helicopter was damaged in a forced landing in Texas and did not reach Arizona. Buyer retrieved the helicopter, retained possession of it, and refused to pay seller the balance due. Based on the foregoing evidence, Instruction No. 7 required a jury determination of the material and disputed factual issues of the case. *Marr v. Marr,* 319 S.W.2d 920, 923 (Mo.App.1959).

Further, seller is under no obligation to instruct the jury on the buyer's theory of the case. *Jefferson v. Biggar,* 416 S.W.2d 933, 939 (Mo.1967). Both plaintiff and defendant have the right to submit instructions based on divergent theories of the case, so long as there is substantial evidence to support the instructions. *Id.* We therefore find no error in seller's Instruction No. 7 because it is supported by substantial evidence and it sets out the ultimate facts required for a verdict for the seller.

■ Buyer also asserts there was insufficient evidence to find seller completed delivery according to the agreement. Where delivery is disputed, it is for the jury to decide whether delivery was accomplished. "In our review of a jury verdict, we do not determine the credibility of the witnesses, resolve conflicts in testimony, or weigh the evidence. These tasks are quite properly those of the jury." *Fowler v. Daniel,* 622 S.W.2d 232, 236 (Mo.App.1981). Here there was credible evidence that seller delivered possession of the helicopter and an executed bill of sale to an agreed upon pilot in St. Louis. The jury properly found seller had performed his part of the agreement by such delivery.

■ Finally, buyer asserts the trial court lacked jurisdiction over buyer because the contract was not made in Missouri. However, there is credible and sufficient evidence the contract was made in Missouri and buyer transacted business in Missouri. The trial court therefore had jurisdiction over buyer. Section 506.500, RSMo. 1978.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.