[Crim. No. 1743. In Bank.—December 16, 1912.]

## THE PEOPLE, Respondent, v. AH LEE, Appellant.

CRIMINAL LAW—MURDER—PHOTOGRAPH OF PLACE OF HOMICIDE—SUFFICIENT EVIDENCE OF CORRECTNESS.—In a prosecution for murder, a sufficient foundation is laid for the admission in evidence of a photograph showing the relative location in the room in which the homicide took place, at the time thereof, of certain personal objects, by the testimony of a witness to the effect that he was in the room and took the negative of the photograph shortly after the killing and at a time when such objects were in exactly the same position that they were at the time of the homicide, and that the photograph offered in evidence, which had been finished by a photographer to whom he had given the negative for that purpose, was a correct representation of the objects sought to be shown and their relative location at the time he took the picture.

ID.—OVERCOAT WORN BY DEFENDANT—EVIDENCE OF IDENTIFICATION.—In such prosecution, an overcoat worn by the defendant at the time of his arrest, on the day following the homicide, was properly admitted in evidence, where there was testimony tending to show that he was seen on a street of the town in which the homicide was committed, and shortly before its occurrence, in the company of his codefendant, wearing an overcoat similar to the one received in evidence, and also testimony tending to show that one of the two men committing the murder wore at the time such an overcoat.

ID.—INSTRUCTION—REASONABLE DOUBT.—A general instruction on the subject of reasonable doubt, which is otherwise free from error, is not rendered objectionable by the inclusion therein of the phrase "a reasonable doubt is not a mere guess or surmise."

ID.—MOTIVE—REQUESTED INSTRUCTIONS—SUBJECT MATTER COVERED BY
    INSTRUCTION GIVEN.—It was not error for the court to refuse to
    give an instruction requested by the defendant on the question of
    motive, where the subject matter of the requested instruction was
    fully covered, so far as it could be reasonably claimed that defend-
    ant was entitled to have it covered, by an instruction given to the
    effect that there could be no presumption of motive in the absence
    of a showing thereof, and that the jury had the right to consider the
    absence of motive in determining the guilt or innocence of defendant.

APPEAL from a judgment of the Superior Court of
Stanislaus County and from an order refusing a new trial.
L. W. Fulkerth, Judge.

The facts are stated in the opinion of the court.

Oliver Dibble, for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones,
Deputy Attorney-General, for Respondent.

ANGELLOTTI, J.—The defendant Ah Lee and one Ye
Quong were jointly charged by information filed in the su-
perior court of Stanislaus County on April 15, 1912, with the
crime of murder, alleged to have been committed in said
county on March 25, 1912. Ah Lee demanded and was ac-
corded a separate trial, which resulted in a verdict of "guilty
of murder of the first degree." His motion for a new trial
was denied, and on May 11, 1912, judgment of death was pro-
nounced. This is an appeal by said defendant from the judg-
ment and from an order denying his motion for a new trial.

No claim is made that the verdict is without sufficient sup-
port in the evidence, and an examination of the record shows
that there is no foundation for any such claim. The evidence
is without conflict on the proposition that during the evening
of March 25, 1912, in his place of business in Newman, Stan-
islaus County, the deceased, Sue Hoo Kee, was shot by two
Chinamen who apparently entered the place solely for the pur-
pose of killing him, who then and there inflicted upon him
several mortal gunshot wounds, which at once caused his
death, and immediately thereafter left the place. There was
sufficient evidence to warrant a conclusion on the part of the
jury that said Ah Lee was one of the murderers.

A photograph was received in evidence over the objection of defendant, to show the relative location in the room of deceased, at the time of the shooting, of a bed, a stove, and a lamp. Even if there was error in the admission of this photograph, we do not see how, in view of the evidence as to the shooting, it could be held that it was in the slightest degree prejudicial to defendant. But we perceive no error in the matter. The photograph was taken by the witness Newsome shortly after the shooting, and at a time when the objects referred to were in exactly the same position that they were at the time of the shooting. Newsome was a constable and was in the room immediately after the shooting, and so testified. While a photographer, who was not called as a witness, finished the picture from the negative given him by Newsome for that purpose, Newsome testified substantially that the finished picture offered in evidence was a correct representation of the objects sought to be shown and their relative location at the time he took the picture. A sufficient foundation for the admission of the photograph was thus laid. It is not claimed that the photograph was not admissible if there was a sufficient showing that it was a correct representation of the objects sought to be shown and their relative location at the time of the shooting. The only objection urged is that there was no such showing, and we are satisfied the objection is not well based.

Mr. Newsome was allowed to testify to a conversation had with said defendant in the branch jail at Newman on March 27th. The sum and substance of the statement then made by defendant to Newsome, as testified to by the latter, was as follows: He had come from Stockton, his name was Ah Lee, he was twenty-eight years old, he had stayed in Tracy all of the Monday on which the shooting took place, he belonged to the Sue Sing Tong and had a rich company back of him. He would not say when he left Tracy. The objection made is that the voluntary character of these statements was not sufficiently established to entitle the same to be received in evidence. There was in these statements of defendant no admission by him of any fact tending to indicate his guilt However, an examination of the record satisfies us that there was ample warrant for a conclusion on the part of the trial court that the voluntary character of the statement was suffi-

ciently established to entitle the same to be admitted in evidence.

There is no force in the objection that an overcoat was improperly admitted in evidence. It was sufficiently made to appear that it was the overcoat worn by defendant at the time of his arrest, which occurred on the day following the homicide, some eight or nine miles from Los Banos, where defendant and Ye Quong had procured an automobile to carry them to Fresno. There had been evidence given tending to show that Ah Lee was seen on a street in Newman about 6:40 P. M. on the day of the homicide, with Ye Quong, wearing an overcoat similar to the overcoat so received in evidence, and also evidence tending to show that one of the two men committing the murder wore at the time such an overcoat. Under such circumstances the People were entitled to have the coat admitted in evidence, to be considered by the jury in connection with the evidence just referred to, as tending to show that the defendant was one of the men participating in the murder.

The trial court instructed the jury as follows:

"All the presumptions of law, independent of evidence, are in favor of innocence, and every person accused of crime is presumed to be innocent until his guilt is established to a moral certainty and beyond all reasonable doubt. This presumption attaches at every stage of the case and to every fact essential to a conviction. By the term reasonable doubt is not meant every possible doubt or conjecture that may suggest itself to your minds. *A reasonable doubt is not a mere guess or surmise,* because everything relating to human affairs and depending on moral evidence is open to some possible or imaginary doubt. As I have said before, such possible doubts or imaginary doubts are not reasonable doubts. A reasonable doubt is that state of the case, which after the entire comparison and consideration of all the evidence, leaves the minds of the jurors in that condition that they cannot say they feel an abiding conviction to a moral certainty of the truth of the charge."

Complaint is made only of the portion that we have italicized, "a reasonable doubt is not a mere guess or surmise," for it is admitted that otherwise the instruction as a whole has been many times held free from error. But it is said that

CLXIV. Cal.—23

the insertion of the italicized words "is a departure from precedent, not justified in law." Similar phraseology was used in an instruction on reasonable doubt given in *People* v. *Yun Kee,* 8 Cal. App. 82, [96 Pac. 85], but no objection appears to have been there made to that part of the instruction. We are of the opinion that the insertion of these words did not render the instruction given substantially different from the general instruction on reasonable doubt that has many times been held free from error.

Complaint is made that the trial court improperly refused to give a requested instruction on the question of motive. It is apparent that the subject matter of such requested instruction was fully covered, so far as it can be reasonably claimed that defendant was entitled to have it covered, by an instruction given by the court to the effect that there can be no presumption of motive in the absence of a showing thereof, and that the jury has the right to consider the absence of motive in determining the guilt or innocence of defendant. (See Clerk's Transcript, p. 36.) Of course it is not contended that the establishment of a motive is at all essential as an element necessary to justify conviction. "The presence or absence of motive is simply a circumstance in each particular case, sometimes weak and sometimes strong, going to the question of guilt or innocence." (*People* v. *Owens,* 132 Cal. 469, 471, [64 Pac. 770].)

No other point is made for reversal. We have, however, carefully examined the whole record and find nothing warranting a reversal of the judgment or the order denying a new trial.

The judgment and order denying a new trial are affirmed

Shaw, J., Sloss, J., Lorigan, J., Melvin, J., and Henshaw, J., concurred.