# JOHN HAROLD JOHNSON v. J. A. QUINN.[1]

## June 18, 1915.

## Nos. 19,304—(210).

**Amendment of complaint.**

1. There was no error in an order of the court amending the complaint.

**Evidence of negligence.**

2. The evidence justified the jury in finding defendant negligent.

**Damages not excessive.**

3. The damages as reduced by the trial court are not excessive.

**Objection to hypothetical question.**

4. There was no error in not sustaining objections to certain hypothetical questions asked of an expert medical witness.

**Opinions of experts.**

5. There was no error in permitting expert witnesses to give their opinion as to the distance within which the automobile of defendant could be stopped.

**Witness — motion to strike out answer too late.**

6. A motion to strike out an answer of a witness as not responsive, or on other grounds appearing when the answer is given, comes too late when it is not made until after the witness has been fully cross-examined and other witnesses have testified.

**Charge to jury.**

7. There was no error in the rulings on evidence, in the instructions to the jury, or in the refusal to give requested instructions.

Action in the district court for Ramsey county to recover $20,500 for personal injury received when run over by defendant's automobile. The case was tried before Brill, J., and a jury which returned a verdict for $9,015. Defendant's motion for a new trial was granted on the ground of excessive damages, unless plaintiff consented to a reduction of the verdict to $7,000. From an order denying his motion for a new trial, defendant appealed. Affirmed.

[1] Reported in 153 N. W. 267.

*Harris Richardson* and *Walter Richardson,* for appellant.
*Wickersham & Churchill,* for respondent.

BUNN, J.

The jury which tried this case found a verdict for plaintiff, assessing his damages at $9,015. Defendant moved for a new trial. The motion was denied on condition that plaintiff consent to a reduction of the verdict to $7,000. Plaintiff so consented, and defendant appealed from the order.

There are 65 assignments of error. They call in question the action of the trial court in ordering the complaint amended; the sufficiency of the evidence to sustain a finding of negligence on the part of defendant; the amount of the damages, and various rulings on the admission of evidence and in refusing requests for instructions.

1. We pass the point made as to the amendment to the complaint with the remark that we see nothing in it, and no occasion to say anything, except that the complaint as amended stated a cause of action and was sufficiently definite and certain to enable defendant to intelligently make his answer and try the issues.

2. The evidence was sufficient to justify the jury in determining that the facts were as follows: Plaintiff, age 31, a boiler maker in the employ of a railroad company, at about one o'clock in the morning of Sunday, December 14, 1913, walked west on Seventh street in St. Paul to the northwest corner of Seventh and Sixth streets, expecting to find his brother at a dance in Central Hall and to go home with him. The hall was dark, and plaintiff started to cross the triangular space formed by the junction of Sixth, Seventh and Franklin streets to take a street car on the corner of Sixth and Franklin. As he reached a point some 25 feet from the curb of the sidewalk he had just left and about or beyond the center of Sixth street where it crosses Seventh, he was struck by an automobile coming from the east on Sixth street, and sustained serious injuries. The automobile belonged to and was driven by defendant. Its speed was about 15 miles per hour, no warning was given of its approach, and its lights were not lit. Plaintiff looked for automobiles as he left

the curb, and saw none. The streets were lighted, but it was too dark to see far in any direction.

That the evidence justified the jury in finding defendant guilty of negligence in running his car without lights and without sounding a warning of its approach to this crossing, there can be no doubt and we so hold. It is claimed that the evidence does not show that the front lamps on the automobile were not lighted, but, an examination of the record convinces us that this was a question for the jury, and that the evidence sustains its finding thereon.

3. The verdict as reduced by the trial court is not so large that we can disturb the action of the trial court in refusing to set it aside as excessive. We have considered the evidence as to the character, extent and probable duration of the injuries to plaintiff, and it is sufficient, in our opinion, to prevent this court from saying that there was passion or prejudice on the part of the jury in fixing the amount.

4. Error is claimed in not sustaining an objection to hypothetical questions asked a medical witness, Dr. Platt. This witness had heard all the testimony in the case, including the testimony of plaintiff, and of his attending physician, Dr. Comstock, as to his condition. He was asked his opinion as to the permanency of the injuries to plaintiff's jaw, basing it upon the testimony of plaintiff as to his condition, and the testimony of his attending physician as to what he found and what he did, excluding any opinion he had expressed. The objection was that the question "does not give the elements, and too broad in that it does not give in detail the facts, but leaves to the witness to eliminate that which his own judgment may induce him to eliminate." Other questions of like tenor were asked, objected to on the same ground, and permitted to be answered. The answer of the witness was that in his opinion the injury was permanent.

We do not think that the questions were fairly open to the objections made. It is of course true that it must be made plain to the jury as well as to the expert what facts he bases his opinion on, and he must not be left to decide between conflicting facts, but must assume as true the facts stated in the question or those found in the testimony he is asked to base his opinion upon. But this witness had

heard plaintiff testify, not only as to the condition of his jaw, but as to the history of the case, and the history and habits of the plaintiff. He was asked to give an opinion based upon this testimony, and the testimony of the attending physician as to what he found. It appeared from the cross-examination of the witness that the past history of the patient and his habits were elements necessary to be considered in giving an opinion as to the permanency of the condition of his jaw, and the witness understood that these elements were included in the hypothetical questions asked. The claim is that these elements were not included in the questions and not shown by the testimony, and therefore that the expert must have based his opinion in part on knowledge acquired outside of the court room and not disclosed to the jury. If this was the case, the testimony should have been stricken out, but the record does not bear out the claim as to the facts. The past history of the patient, as well as his past life and habits, was quite fully disclosed by his own testimony and the testimony of Dr. Comstock, and the expert was asked to assume this testimony to be true and to take it into consideration in giving his answer. We do not think that the expert "usurped the functions of the jury," or that there was any error in the rulings made in regard to his testimony. Nor is there anything in the claim that the testimony of the doctor showed that he was not competent to testify.

5. A point is attempted to be made on the court's permitting certain experts to give their opinions as to the distance within which a car of the kind defendant was driving could be stopped. We hold that the trial court did not abuse its discretion in finding the witnesses qualified, that the subject was one for expert testimony, and that there was no fatal defect in the questions asked. It might further well be held that there was no prejudice here, even if there was technical error.

6. Error is assigned in the refusal to strike out a statement of the witness Gellatly that he did not notice defendant's automobile until Wettergren called his attention to it by saying: "There comes doctor without any lights." This answer was not responsive to the question, but no motion to strike out was made until after the cross-

examination of this witness was completed and after several other witnesses had been examined. The motion came too late.

7. We have considered the other rulings on evidence assigned as error, as well as the portions of the charge criticised, and the refusal to give requested instructions. We find no error in any of these matters.

Order affirmed.