[Sac. No. 3206.   In Bank.—May 19, 1923.]

## VIRGINIA BERKOVITZ, Respondent, v. AMERICAN RIVER GRAVEL COMPANY (a Copartnership), Appellant.

[1] NEGLIGENCE—REAR LIGHT OF AUTOMOBILE—DUTY TO KEEP BURNING—INSTRUCTIONS.—It cannot be the intention of the law that a watchman must be maintained over the rear light of an automobile to observe whether it is constantly burning; and in an action for damages for injuries sustained in an automobile collision by an automobile crashing into the rear end of a truck traveling in the same direction at night, where the only negligence alleged was that the truck was being driven on a public highway at night without a tail light burning, and the evidence was sharply conflicting as to whether the tail light was or was not burning at the time of the accident, it was error to instruct the jury if they believed the defendant was driving the truck without such a lighted lamp in the rear, the defendant was guilty of negligence.

[2] ID.—DRIVING AUTOMOBILE AT NIGHT—TAIL LIGHTS.—If one drives a motor vehicle in the night-time when he knows, or in the exercise of ordinary care ought to know, that the tail light is not burning, he is guilty of negligence. While ignorance of the law is no excuse, ignorance of the fact, where ordinary care has been exercised, is a sufficient excuse.

[3] ID. — VIOLATION OF ORDINANCE — PRESUMPTION OF NEGLIGENCE. — Violation of an ordinance is presumptively an act of negligence and conclusively so until rebutted by evidence that it was justifiable or excusable under the circumstances.

---

2. Liability of operator of automobile for failure to display lights, notes, 24 A. L. R. 510; 48 L. R. A. (N. S.) 964; L. R. A. 1918B, 829.

[4] ID.—CONFLICTING EVIDENCE—INSTRUCTIONS.—In such a case if the jury believed the testimony of the driver that the tail light was burning three or four blocks from the place of the accident they might have concluded, under proper instructions, that he was not guilty of negligence even though the light was out when the collision occurred, if he were showing reasonable care to keep the lamp lighted, and the defendant was entitled to an instruction embodying this principle.

[5] ID.—PROXIMATE CAUSE OF INJURY—INSTRUCTION.—In such a case an instruction, considered in the abstract, is erroneous where it calls upon the plaintiff to prove that defendant's negligence was the direct cause of her injuries, whereas the law requires that it be the proximate cause, which may be indirect.

[6] ID.—DAMAGES — EARNINGS — INSTRUCTIONS.—In such a case there was no error in giving an instruction on behalf of the plaintiff which authorized the jury in estimating the damages to take into consideration the moneys which plaintiff would have earned had she not sustained the injuries complained of, if any, where the testimony showed that the plaintiff was employed during the fourth month preceding the accident, the amount so earned not appearing, and that she thereafter helped her mother with the housework for a time and then took a vacation.

[7] ID.—EVIDENCE—MARRIED WOMAN—ELEMENTS OF DAMAGE.—In such a case there was no error in sustaining objections to questions asked by defendant for the purpose of proving that the plaintiff was married and for that reason could not maintain the action as to certain elements of damage claimed, where the answer raised no issue to which such evidence was pertinent.

[8] ID.—DISTANCE IN WHICH AUTOMOBILE CAN BE STOPPED—EXPERT TESTIMONY.—In such a case a question asked an expert witness as to the distance which a car of the make in question going twenty miles an hour can be stopped is not open to the objection that the matter is not a subject of expert testimony, and that the question is irrelevant, immaterial, and incompetent.

[9] ID.—DAMAGE TO TRUCK.—It was error in such a case to sustain such objection to expert testimony as to whether the damage to the truck as shown by the evidence could have been caused by the car in question traveling at a speed of twenty miles an hour.

[10] ID.—PHOTOGRAPHS—FOUNDATION FOR ADMISSION.—Testimony that a photograph is a correct representation of the object sought to be shown is a sufficient foundation for its admission; and such testimony need not necessarily be given by the photographer who

10. Foundation for introduction of photographs as evidence, notes, 1 Ann. Cas. 161; 10 Ann. Cas. 962.

took or finished the photograph, but may be given by any witness having sufficient knowledge of the object to say that the photograph is a faithful representation thereof.

APPEAL from a judgment of the Superior Court of Sacramento County. Charles O. Busick, Judge. Reversed.

The facts are stated in the opinion of the court.

Irving D. Gibson for Appellant.

J. M. Inman, Downey & Downey and George A. Work for Respondent.

KERRIGAN, J.—This case was ordered transferred to this court after decision by the district court of appeal of the third appellate district. Upon further consideration we are satisfied that the conclusion of that court is correct and we adopt the following portions of its opinion, prepared by Mr. Presiding Justice Finch, as the opinion of this court:

"The plaintiff recovered judgment for damages alleged to have been sustained through the defendant's negligence. The only negligence alleged consisted in driving a motor-truck on a public highway at night without a 'tail light or any light whatsoever on the rear of said truck.'

"At 2 o'clock A. M. September 3, 1919, plaintiff and another woman and two men were traveling westerly on J Street, Sacramento, in a Dodge touring car, the plaintiff riding in the front seat with one of the men, who was driving. Near 33d Street they crashed into the rear end of a five-ton Peerless truck loaded with gravel and traveling in the same direction. The man riding in the rear seat of the Dodge car was killed and the plaintiff was seriously injured. The automobile was wrecked beyond repair. The truck, with its load, weighed about thirteen tons. The left rear wheel of the truck was struck with such force as to bend the 3x4 inch steel axle three inches out of alignment. The truck was traveling at a speed estimated by the witnesses at from eight to twelve miles an hour, the Dodge car at from twenty to forty miles an hour. In estimating the force of the impact the velocity of the truck must be deducted from that of the automobile. Reasoning back from

effect to cause, the damage to the two machines justifies the inference that the Dodge car was exceeding the lawful speed limit. The street was lighted by arc-lights of 400 candle-power spaced 269 feet apart. The headlights of the automobile were adjusted to comply with the state law.

"The evidence was sharply conflicting as to whether the tail light on the truck was burning at the time of the accident. It was a coal-oil lamp of the type used for tail lights. Several witnesses who overtook and passed the truck a short time prior to the accident testified that the tail lamp was not lighted. Two witnesses testified that defendant's truck pulled their truck over Brigton crossing, a few miles from the scene of the accident, and that the tail light on defendant's truck was then burning. The driver of the truck testified that he got off at 56th Street on J and observed that the tail light was burning and that he looked back three or four blocks from the scene of the accident and saw the reflection of the tail light on the street.

"Defendant's proposed instruction No. 14, which was refused by the court, among other things, stated: 'Unless you believe from the evidence that defendant failed to use reasonable or ordinary care to keep said lamp [the tail light] lighted and that said failure, if such you believe there was, directly and proximately caused or contributed to the collision' the plaintiff cannot recover. The court gave instruction No. 5, proposed by plaintiff, as follows: 'You are instructed that the law of this state required at the time of the collision every motor-truck while on the public highway during the period from one-half hour after sunset of one day to one-half hour before sunrise of the next day to carry at the rear a lighted lamp exhibiting a red light. If you believe from all the evidence in this case that the motor-truck belonging to the defendant was being driven by the agent of the defendant in the course of his employment during this period of time without such a lighted lamp, then the defendant was guilty of negligence, and if you believe that the plaintiff, Virginia Berkovitz, was, without fault on her part, injured by reason thereof, your verdict should be in favor of the plaintiff.' Instruction No. 5 is a correct statement of the law in most cases where the violation of a statute is charged. By the exercise of ordinary care, the driver of a motor vehicle at night would always know whether the

headlights were burning and in such a case instruction No. 5 would be strictly accurate. The tail light, however, is not in the immediate view of the driver, whose attention is ordinarily directed ahead, **[1]** and it cannot be the intention of the law that a watchman must be maintained over the rear light to observe whether it is constantly burning. It is well known that with the best of care coal-oil lights, as well as electric lights, sometimes go out. **[2]** If one drives a motor vehicle in the night-time when he knows, or in the exercise of ordinary care ought to know, that the tail light is not burning, he is guilty of negligence. While ignorance of the law is no excuse, ignorance of the fact, where ordinary care has been exercised, is a sufficient excuse. **[3]** Violation of an ordinance 'is presumptively an act of negligence and conclusively so until rebutted by evidence that it was justifiable or excusable under the circumstances.' (*Mora* v. *Favilla,* 186 Cal. 199 [199 Pac. 17]; *Harris* v. *Johnson,* 174 Cal. 55, 58; *Gooding* v. *Chutes Co.,* 155 Cal. 620 [18 Ann. Cas. 671, 23 L. R. A. (N. S.) 1071, 102 Pac. 819]; *Cragg* v. *Los Angeles Trust Co.,* 154 Cal. 660, 667 [16 Ann. Cas. 1061, 98 Pac. 1063]; *Baddeley* v. *Shea,* 114 Cal. 6 [55 Am. St. Rep. 56, 33 L. R. A. 747, 45 Pac. 990].) 'The only question remaining open on this point is whether conclusive proof of the violation of such a statute or ordinance is also conclusive proof of negligence. Some courts have held that it is, and some that it is not. But the true rule is really perfectly plain. The violation of such a law, if left without explanation or excuse, is conclusive of negligence, but it may be excused. . . . If some good excuse appears, which would be a sufficient defense to an action for the penalty imposed by the law . . . then the law is not really violated. We find but few cases in which this is clearly stated; but they deserve to take precedence of all the others, as they reconcile the principle upon which the others were actually decided.' (Shearman & Redfield on Negligence, 6th ed., sec. 467.) **[4]** The defendant was entitled to an instruction embodying, as did this one, the substance of the rule as herein stated. If the jury believed the testimony of the driver to the effect that the tail light was burning three or four blocks east of the place of the accident they might have concluded, under proper instructions, that he was not

guilty of negligence even though the light was out when the collision occurred."

[5] It may be noted in passing that instruction No. 14, considered in the abstract, is erroneous in that it calls upon the plaintiff to prove that defendant's negligence was the *direct* cause of her injuries, whereas the law requires that it be the *proximate* cause, which may be indirect. (*Merrill* v. *Los Angeles Gas & E. Co.,* 158 Cal. 499, 503 [139 Am. St. Rep. 134, 31 L. R. A. (N. S.) 559, 111 Pac. 534]; *Schneider* v. *Chicago etc. Ry. Co.,* 99 Wis. 378 [75 N. W. 169].) It may be conceded that the trial court was justified in refusing this instruction, but this does not mitigate the error in giving plaintiff's instruction No. 5.

"The court refused defendant's proposed instruction No. 29, embodying the provisions of section 2055 of the Code of Civil Procedure. Counsel for appellant states in his brief that defendant called and examined plaintiff as a witness. He does not call attention to anything in the record to support such statement and nothing to that effect has been discovered. After plaintiff had rested it was stipulated that the defendant might later call her for further cross-examination. She was thereafter called 'for further examination' and examined by counsel for defendant. It must be assumed that the jury must have understood that this further examination was conducted pursuant to the stipulation.

"Complaint is made of the court's refusal to give other instructions proposed by the defendant. It would unduly lengthen this opinion to analyze them all. It is sufficient to state that they either contain inaccurate statements of the law or are covered by other instructions given.

[6] "The giving of plaintiff's instruction No. 19 is assigned as error in that it authorized the jury in estimating the damages to take into consideration 'the moneys which she would have earned had she not sustained the injuries complained of, if any.' The testimony shows that the plaintiff was employed during the month of May preceding the accident, the amount she earned not appearing, and that she thereafter helped her mother with the housework for a time and then took a vacation. Under a somewhat similar state of facts an instruction was approved which told the jury that one of the elements of the plaintiff's damage was 'the value of his time during the period that he was dis-

abled by the injury.' (*Storrs* v. *Los Angeles Traction Co.,* 134 Cal. 91, 92 [66 Pac. 72]; *Melone* v. *Sierra Ry. Co.,* 151 Cal. 113, 115 [91 Pac. 522].) The difference between the two instructions is rather shadowy, but the one here complained of seems more favorable to the defendant than the other. However, it is good practice to adhere to approved instructions.

[7] "The court sustained objections to questions asked by defendant for the purpose of proving that the plaintiff was married and for that reason could not maintain the action as to certain elements of damage claimed. It is sufficient to say that the answer raised no issue to which such evidence was pertinent.

[8] "Objection was improperly sustained to a question asked an expert witness as to the distance within which a Dodge car going twenty miles an hour can be stopped. The fact sought to be shown is not a matter of such common knowledge as to preclude the admission of expert testimony. The objection sustained was as follows: 'Objected to as not a subject of expert testimony. Irrelevant, immaterial and incompetent. For the jury.' The question was not objectionable on the grounds stated. (*Howland* v. *Oakland C. Ry. Co.,* 110 Cal. 513, 521 [42 Pac. 983]; *Withey* v. *Fowler Co.,* 164 Iowa, 377 [145 N. W. 923]; *Johnson* v. *Quinn,* 130 Minn. 134 [153 N. W. 267]; *Blado* v. *Draper,* 89 Neb. 787 [132 N. W. 410]; *Reaves* v. *Maybank,* 193 Ala. 614 [69 South. 137]; *Bishop* v. *Wight,* 221 Fed. 392 [137 C. C. A. 200].)

[9] "The court erroneously sustained a similar objection to expert testimony as to whether the damage to the truck as shown by the evidence could have been caused by the Dodge car traveling at a speed of twenty miles an hour. (*Perkins* v. *Sunset Tel. & Tel. Co.,* 155 Cal. 712, 715 [103 Pac. 190]; *Yaeger* v. *Southern California Ry. Co.,* 5 Cal. Unrep. 870 [51 Pac. 190]; *Dow* v. *City of Oroville,* 22 Cal. App. 215, 226 [134 Pac. 197]; *People* v. *Sampo,* 17 Cal. App. 135, 149 [118 Pac. 957]; *Young* v. *Dunlap,* 195 Mo. App. 119 [190 S. W. 1041, 1044]; *Posener* v. *Harvey* (Tex. Civ. App.), 125 S. W. 356.)

[10] "Some controversy arose as to the proper foundation for the admission of photographs of the wrecked automobile in evidence. The rule is quite simple. Testimony

that a photograph is a correct representation of the object sought to be shown is a sufficient foundation for its admission. Such testimony need not necessarily be given by the photographer who took or finished the photograph but may be given by any witness having sufficient knowledge of the object to say that the photograph is a faithful representation thereof. (*People* v. *Ah Lee*, 164 Cal. 350, 352 [128 Pac. 1035]; *People* v. *Durrant*, 116 Cal. 179, 212 [48 Pac. 75].)

"Numerous other objections are made to the rulings of the court but they do not appear to be of substantial merit. In view of the contentions made as to the sufficiency of the pleadings in certain particulars, the trial court is directed to permit either party to amend if so advised."

The judgment is reversed.

Lennon, J., Wilbur, C. J., Myers, J., Seawell, J., Lawlor, J., and Waste, J., concurred.