[Civ. No. 20427.   First Dist., Div. Three.   Apr. 8, 1963.]

CITY OF MONTEREY, Plaintiff and Respondent, v. LOUIS HANSEN et al., Defendants and Appellants.

William J. Cullinan, Gill & Morris and Theodore G. Morris for Defendants and Appellants.

William C. Marsh, City Attorney, for Plaintiff and Respondent.

SALSMAN, J.—This is an appeal by the owners of land from the judgment and final order of condemnation based upon a jury verdict fixing the fair market value of their property. Appellants were the owners of Lots 9 and 12, Block D, as shown on map No. 2 of Del Monte Beach, Monterey County, described as parcel 3 in the complaint, and which respondent

sought to condemn for public use. The sole issue at trial was fair market value. One of appellants' expert witnesses testified that the fair market value of each lot was $3,500; another testified the lots were worth $2,500 each. One of respondent's witnesses testified the fair market value of appellants' lots was $1,000 each; respondent's other valuation expert testified that the value of Lot 12 was $1,000; the value of Lot 9, $800. The jury found the total fair market value of both lots to be $2,200.

At trial, appellants offered to prove by a Mr. Zabrowski the price which the latter had received for a lot he owned in Block H. Block H is across the street and to the south and east of Block D, the block in which appellants' lots are situated. The court properly sustained an objection to this testimony, for reasons hereafter stated. The appellants then called their appraiser, Mr. Clark, who stated that in his opinion each of appellants' lots had a fair market value of $2,500. Clark was not asked by appellants to relate his knowledge of sales of other lots in the neighborhood, but on cross-examination, counsel for respondent made a detailed inquiry of the witness concerning the sale of some nine lots in Blocks D and E. These sales were stated to have taken place in 1958 and 1959, all within about two years or less of valuation date. The witness professed to have no knowledge of the prices paid for the various lots in the indicated transactions. At the conclusion of this cross-examination the witness was asked by the court: "Let me ask you this, Mr. Clark: Q. Did you find any comparable sales to the property in question?" This exchange then took place: "A. Yes, Your Honor. In my opinion the most comparable sales were in Block H, which I adjusted, because in my opinion they were in a better location and perhaps a little more adaptable as building sites. And those particular lots sold for $2500.00. The Court: There was no question asked about that. I didn't ask you that at all. You know better than that. A. I apologize, Your Honor. The Court: That will be stricken from the record and the Jury is admonished to disregard the answer."

▮ Appellants contend it was error to exclude evidence of sales in Block H, as offered through their witnesses Clark and Zabrowski. There was no error. As to the testimony of Zabrowski, all the court did was to rule that the comparability of lots in Block H to lots in Block D had not been established, and until established, evidence of sales in Block H

could not be received. This was correct. Appellants' lots were beach lots, near the water, and at times subject to flooding by high tide. Lots in Block H were at a much higher level, from 50 to 75 feet higher than appellants' lots. The burden was upon appellants to establish the comparability of lots in Block H to lots in Block D, and until established pursuant to rules set forth in *County of Los Angeles* v. *Faus,* 48 Cal.2d 672, 678 [312 P.2d 680], the evidence was inadmissible. Here there was a marked physical difference in the situation of the lots of appellants, and those in Block H, and the court did not abuse its discretion in excluding the offered evidence.

Appellants contend, however, that their witness Clark had given his opinion of the market value of appellants' property, and he was therefore entitled to relate the details of sales in Block H because such sales were facts upon which he based his opinion. However, the court had previously ruled that the comparability to the subject property of lots in Block H had not been established. Thus appellants seek admission of their evidence by the back door when they find the front door closed. In *People* v. *Nahabedian,* 171 Cal. App.2d 302, 310 [340 P.2d 1053], the court met and disposed of this issue in the following language: "It must be remembered that the facts stated as reasons for the opinion of the witness do not become evidence in the sense that they have independent probative value upon the issue as to market value. On the contrary, they serve only to reinforce the judgment of the witness, that is, they go to the weight to be accorded his opinion (*Long Beach City H.S. Dist.* v. *Stewart, supra,* p. 773 [30 Cal.2d 763 (185 P.2d 585, 173 A.L.R. 249)]).

Consequently, as said in *People* v. *La Macchia, supra,* page 745 [41 Cal.2d 738 (264 P.2d 15)], quoting from *Peirson* v. *Boston El. R. Co.,* 191 Mass. 223 [77 N.E. 769]: ' "[T]here is no right to put in evidence of matters which are incompetent as substantive evidence for the purpose of fortifying the opinion of an expert witness, even though they are offered under the guise of the reasons for his opinion, and even though they might properly have been admitted on cross-examination to test and diminish the weight to be given to his opinion." (Pp. 233-234.) The rule is similarly expressed in *United States* v. *25.406 Acres of Land,* 172 F.2d 990, 993, and Nichols states it in substantially the same language. (5 Nichols on Eminent Domain (3d ed.) § 18.45(1), p. 181.)' "

Error is also charged to the trial court in permitting

testimony on the availability of beach sites in areas beyond the *limits of the City of Monterey.* On cross-examination of a witness for respondent appellants obtained an answer from which the jury could infer that appellants' lots were the only "single unit" lots available in the area. On redirect examination the witness was permitted to point out, on a map in evidence, a subdivided area of beach lots within approximately one-half mile of appellants' lots. These lots were just beyond the city limits of Monterey. There was no error in this. This evidence was already before the jury, as shown by exhibit 1, a large but detailed map of the general area.

It is the rule that any fact which enters into the market value of land in the public estimation and tends to influence the minds of sellers and buyers generally may be considered by the jury, if not remote, conjectural, speculative or a hypothetical assumption. (17 Cal.Jur.2d, Eminent Domain, § 72; *Spring Valley W.W.* v. *Drinkhouse,* 92 Cal. 528 [28 P. 681]; *Joint Highway Dist. No. 9* v. *Ocean Shore R.R. Co.,* 128 Cal.App. 743 [18 P.2d 413].) Thus the jury was entitled to hear that other beach lots were available nearby, and to take this into consideration in determining the fair market value of appellants' property.

The court received in evidence two photographs of houses in Block H, showing foundations exposed, and in part without support because the sand upon which the houses had been built had shifted and flowed away from the foundation. Appellants contend this was error, because, (1) the photographs were not admissible at all; (2) the opinion of the witness as to the cause of damage to the foundation was inadmissible, and (3) it was error for the court to comment that the jury could look at the houses and "figure it out for themselves." The photographs were admissible in evidence because they were relevant to the issue of fair market value in that they showed conditions in the area of appellants' property, and a proper foundation was established for their admission. Respondent's witness testified that he took the photographs and that they correctly depicted the houses as he observed them on July 7, 1960. Thus a proper foundation was established. (18 Cal.Jur.2d 709; McCormick, Evidence, p. 387; *Berkovitz* v. *American River Gravel Co.,* 191 Cal. 195 [215 P. 675].) Respondent's witness at first expressed an opinion that action of the wind had caused the damage to the houses, but the court correctly struck this testimony because the witness had not been quali-

fied to express such an opinion. In striking the opinion of the witness and at the same time admitting the photographs in evidence the court remarked that "it is up to them [the jury] to determine whether the wind causes this and whether it bears any relationship to the property in question." Before the admission of these photographs there had been considerable testimony concerning wind conditions in the area. Other photographs, not here objected to, had been received in evidence. These latter photographs show streets near appellants' lots entirely blocked by drifting sand. Appellants stipulated the jury could view the two houses shown in the questioned photographs. The jury did visit the location of appellants' lots and was thus enabled to observe the conditions of drifting sand along the beach and the dunes, and to feel the wind. In view of these facts we fail to see any error or prejudice to appellants in the admission into evidence of the two photographs, or in the court's comments thereon.

The judgment and order are affirmed.

Draper, P. J., and Devine, J., concurred.