[Civ. No. 25847. Fourth Dist., Div. Two. Dec. 21, 1982.]

PEGGY K. CASEY, A Minor, etc., Plaintiff and Appellant, v.
FRANK EDWARD RUSSELL et al., Defendants and Respondents.

COUNSEL

Clayson, Mann, Arend & Yaeger and Evan D. Marshall for Plaintiff and Appellant.

MacLachlan, Burford & Arias, Ronald A. Burford, Thompson & Colegate and John A. Boyd for Defendants and Respondents.

OPINION

**TROTTER, J.**—This case arises out of an auto collision on a narrow, winding road. Plaintiff appeals from a judgment on a jury verdict in favor of defendants.

### FACTS

Plaintiff was a passenger, along with three other people, in a car driven by defendant Dahlberg. As they were driving on a narrow, winding mountain

road, Dahlberg's car collided head-on with defendant Russell's car coming around a curve in the opposite direction. Plaintiff was injured in the accident.

The evidence is basically undisputed. The investigating officer testified that Woodhouse Road was a winding dirt road. At the point where the accident took place, the road curves around a five-foot embankment, restricting visibililty to about 100 feet ahead. At the site of the accident, the road was about 15 feet wide. The vehicles came to rest with Dahlberg's left wheels about two feet from the embankment, while the right front wheel of Russell's car was three feet from the embankment and the right rear wheel was six feet from the embankment. Skid marks showed that Dahlberg skidded about 24 feet, and Russell skidded about 21 feet until the point of impact.

Russell testified that, because of the roughness of the road, he was driving his car in second gear, at approximately 15 miles per hour. He was driving within two feet of the right side of the roadway, even to the point of driving through some of the soft dirt at the right edge. He saw the dust of another car approaching about 40 feet before the point of impact. He braked and tried to get further toward the right side of the road, but could not avoid the accident. When Russell first saw the other car, it was directly in front of him, on his side of the road.

Dahlberg testified that the road was full of chuckholes and had lots of curves in it. He was driving at about 10-15 miles per hour in the middle of the road to avoid the soft sand and dropoff on his right, and the chuckholes and hill on his left. Dahlberg stated that "All I did was come around the corner and that was it. I saw him as soon as I turned the corner." Dahlberg applied the brakes, but the two cars collided.

Neither driver sounded his horn, nor attempted to do so.

The jury returned a verdict for both defendants. Plaintiff appeals.

## DISCUSSION

Plaintiff's initial contention is that the evidence does not support the verdict because it shows that one or both of the defendants was negligent as a matter of law, since one or both violated a Vehicle Code statute without justification or excuse. The Vehicle Code sections involved are section 21650 and section 21662. Section 21650, subdivision (e), requires drivers to drive entirely on the right half of the road, unless the road is too narrow to do so. Section 21662 requires drivers on mountain roads to sound the horn approaching a blind curve if the road is too narrow for two cars to pass. Although the argument is cast as an insufficiency of the evidence question, the crux of the contention is that the jury was improperly instructed on the issue of negligence per se.

Plaintiff argues that the jury could have believed only one of two things: either the road was wide enough for two cars, or it was not. If the jury believed the road was wide enough for two cars, then Dahlberg admittedly violated a statute by driving in the middle of the road. If the jury believed that the road was too narrow for two cars to pass, then both defendants violated the statute requiring them to sound their horns.

Violation of a statute raises a presumption of negligence per se, provided all the conditions are met. The negligence per se doctrine in California is codified in Evidence Code section 669:

"(a) The failure of a person to exercise due care is presumed if:

"(1) He violated a statute, ordinance, or regulation of a public entity;

"(2) The violation proximately caused death or injury to person or property;

"(3) The death or injury resulted from an occurrence of the nature which the statute, ordinance, or regulation was designed to prevent; and

"(4) The person suffering the death or the injury to his person or property was one of the class of persons for whose protection the statute, ordinance, or regulation was adopted."

Essentially, application of the doctrine of negligence per se means that the court has adopted the conduct prescribed by the statute as the standard of care for a reasonable person in the circumstances. (See *Satterlee* v. *Orange Glenn School Dist.* (1947) 29 Cal.2d 581, 587 [177 P.2d 279], overruled on other grounds in *Alarid* v. *Vanier* (1958) 50 Cal.2d 617 [327 P.2d 897]; 4 Witkin, Summary of Cal. Law (8th ed. 1974) Torts, § 531, p. 2795; Rest.2d Torts (1965) § 286.) In such a case, a violation of the statute is presumed to be negligence.

If the actor can show some excuse or justification for violating the statute, however, then the presumption of negligence may be rebutted. This portion of the doctrine is codified in Evidence Code section 669, subdivision (b):

"(b) This presumption may be rebutted by proof that:

"(1) The person violating the statute, ordinance, or regulation did what might reasonably be expected of a person of ordinary prudence, acting under similar circumstances, who desired to comply with the law; or

"(2) The person violating the statute, ordinance, or regulation was a child and exercised the degree of care ordinarily exercised by persons of his maturity, intelligence, and capacity under similar circumstances, but the presumption

may not be rebutted by such proof if the violation occurred in the course of an activity normally engaged in only by adults and requiring adult qualifications." (See 4 Witkin, Summary of Cal. Law (8th ed. 1974) Torts, §§ 532, 540, pp. 2796, 2807.)

The Restatement Second of Torts illustrates the types of situations which may justify or excuse a violation of the statute:

"(a) [T]he violation is reasonable because of the actor's incapacity [e.g., a small child runs into the street without looking, in violation of statute requiring pedestrians to look both ways before crossing];

"(b) [H]e neither knows nor should know of the occasion for compliance [see Berkovitz v. American Gravel Co. (1923) 191 Cal. 195, 199, where the driver inspected the tail light and found it in good order a short time before it went out];

"(c) [H]e is unable after reasonable diligence or care to comply [e.g., a statute provides that railroads must keep fences clear of snow. A heavy blizzard covers the fences with snow and, acting promptly and reasonably, the railroad company is unable to remove all the snow for 3 days. Someone crosses the fence on the snow mound and is injured. The violation of the statute is excused];

"(d) [H]e is confronted by an emergency not due to his own misconduct [e.g., swerving into left lane to avoid child suddenly darting into the road];

"(e) [C]ompliance would involve a greater risk of harm to the actor or to others." (Rest.2d Torts, § 288A, p. 32 *ff.*)

Thus, in emergencies or because of some unusual circumstances, it may be difficult or impossible to comply with the statute, and the violation may be excused.

On the issue of negligence per se, the court instructed the jury as follows: First, the court read to the jury both Vehicle Code statutes. Then the court instructed:

"If you find that a party to this action violated § 21650 or 21662 of the Veh. Code, the [statute]s just read to you [and that such violation was a proximate cause of injury to another or to himself], you will find that such violation was negligence [unless such party proves by a preponderence of the evidence that he did what might reasonably be expected of a person of ordinary prudence, acting under similar circumstances, who desired to comply with the law]." (BAJI No. 3.45, as modified.)

Plaintiff argues that the excuse or justification portion of the instruction allowed the jury to find that, even though defendants failed to obey the applicable statute, if they were otherwise behaving in a reasonable manner, the violation of the statute is not negligence. In other words, the jury could have found that generally law-abiding people of ordinary prudence do not sound their horns on blind curves, or would have driven in the middle of the road (i.e., nobody observes the statute), and that defendants were therefore not negligent.[1]

This then would simply be an application of the ordinary reasonable person standard of negligence without consideration for the effect of the statute. Where the statute is adopted as the standard of care, that is, where negligence per se applies, it is error to instruct only on the usual reasonable person standard. (*Satterlee* v. *Orange Glenn School Dist.*, *supra*, 29 Cal.2d 581, 592.)

The instruction here does not adequately convey that there must be some special circumstances which justify violating the statute. The phrase "who desired to comply with the law" does not mean one who in general is a law-abiding person, but rather refers to one who, although he desired to comply with the particular statute in issue, was faced with other circumstances which prevented compliance or justified noncompliance.

Thus the instruction (BAJI No. 3.45) was misleading in seeming to allow people exercising ordinary care or prudence to be excused from a violation of statute without any additional showing of special circumstances. Since the statutes in question have been adopted as the standard of care, it was error to instruct by implication that the ordinary standard of care applies.

In the case at hand, there was some evidence of justification for Dahlberg's violation of section 21650, because he was trying to avoid the soft sand and dropoff on his right, and the ruts and potholes on his left. However, as to section 21662, neither defendant sounded his horn nor even attempted to do so and there is no evidence of any circumstances which would show that, although defendants desired to comply with section 21662, there was sufficient justification for them not to do so. In fact, there was no evidence that defendants even knew about the law, much less that they desired to comply with it.

---

[1]The fact that "nobody does it" is not a justification for violating the statute. Analogous cases involving a posted speed limit do not vary from this principle. From the special instructions given in speed limit violation cases (See BAJI Nos. 5.30 and 5.31), it is clear that exceeding a posted speed limit of so many miles per hour is not of itself negligence or a violation of law. Rather, the basic speed law states that "No person shall drive a vehicle upon a highway at a speed greater than is reasonable or prudent having due regard for weather, visibility, the traffic on, and the surface and width of, the highway, and in no event at a speed which endangers the safety of persons or property." (Veh. Code, § 22350.) Unless all the factors are considered, no violation of the speed law arises and the principle of negligence per se has no application.

Since it is equally probable that the jury found for defendants on a theory that was not sustained by the evidence as it is that they found for defendants on a theory which was sustained by the evidence, we cannot say that the error was harmless.[2] The instruction permitted the jury to find for defendants under an erroneous interpretation of the law. We are therefore compelled to reverse the judgment in favor of defendants and remand for a new trial. On retrial BAJI No. 3.45 should not be given in its present form.

Plaintiff also contends that the trial court erred in the giving of other instructions. Since the matter is to be retried, we will consider those issues which will affect the retrial.

■ Plaintiff argues that the trial court erred in instructing on the issue of imminent peril. It is generally erroneous to instruct on imminent peril where the peril was created by the actor's own negligence, or where, after the actor perceived the peril, he had only one course of action available. (*Pittman* v. *Boiven* (1967) 249 Cal.App.2d 207, 216 [57 Cal.Rptr. 319]; *Staggs* v. *Atchison, Topeka & S.F. Ry. Co.* (1955) 135 Cal.App.2d 492, 502 [287 P.2d 817].)

Plaintiff argues that, since defendants contend that at the time they perceived the imminent peril, there was nothing they could do to avoid the accident (i.e., they had only one course of action open to them), it was erroneous to give the imminent peril instruction. We agree that the instruction was erroneous. There was no evidence that some other course of action was available to defendants at the time they perceived the peril. The instruction should not be given again on retrial.

■ As to the issue of contributory negligence, plaintiff contends there was absolutely no evidence of any negligent conduct by plaintiff and the jury should not have been instructed on that matter. The evidence was that plaintiff was 15 years old and did not have a driver's license. She was riding as a passenger and was conversing with the other passengers in the back seat and not looking ahead at the time of the accident. She did not see the Russell vehicle or the blind curve and she was not engaged in conversation with Dalberg, the driver of the car in which she was riding. Under these facts, it was error to instruct on the issue of contributory negligence. ■ As stated in *Drust* v. *Drust* (1980) 113 Cal. App.3d 1, 7 [169 Cal.Rptr. 750]: "In the absence of some fact brought to his attention which would cause a person of ordinary prudence to act otherwise, a passenger in an automobile has no duty to observe traffic conditions on the highway, and his mere failure to do so, without more, will not support a finding

[2] In fact, since Vehicle Code section 21662 requires the horn to be sounded "except when driving entirely to the right of the center of the roadway," Dahlberg violated that section under any view of the evidence.

of contributory negligence. (*Robinson* v. *Cable* (1961) 55 Cal.2d 425, 427 [11 Cal.Rptr. 377, 359 P.2d 929].) In other words, an automobile passenger's 'duty to look' does not arise until some factor of danger comes to his attention, thus charging him as a person of ordinary prudence to take steps for his own safety. (*Van Pelt* v. *Carte, supra,* 209 Cal.App.2d 764, 770 [26 Cal.Rptr. 182].) . . . [¶] Under the circumstances, it is difficult to see how any act or failure to act on the part of plaintiff in any way contributed to his injuries. (*Thompson* v. *Keckler* (1964) 228 Cal.App.2d 199, 215 [39 Cal.Rptr. 267]; *Swink* v. *Gardena Club, supra,* [65 Cal.App.2d 674] at p. 680 [151 Cal.Rptr. 313].) The trial court, therefore, acted properly in not submitting the issue of plaintiff's contributory negligence to the jury."

The judgment below is reversed and the cause is remanded for a new trial.

Morris, P. J., and McDaniel, J., concurred.